DETWEILER V. BRECKENKAMP, *Appellant.*

1. **Fund Companies:** POWERS OF : STATUTE. A fund company organized under the General Statutes of 1865, chapter 68, section 7, *et seq.,* is authorized to make loans to its members on real estate security, and also to sell or assign such contracts of loan.

2. ————: STOCKHOLDER. The objection that a by-law of such asso ciation is unreasonable and void, which operates to forfeit the stock of a stockholder because of his failure to comply with it, should be made by the stockholder.

3. **Deed of Trust:** TENDER. Where a deed of trust provides that in case of default for a specified period in the payment of interest on the debt, then the whole debt shall become due and payable at the option of the creditor, and such default occurs, and the creditor exercises his option to require the whole debt to be paid, a tender thereafter of less than such whole debt will be insufficient.

*Appeal from Franklin Circuit Court.* — HON. A. J. SEAY, Judge.

AFFIRMED.

*John R. Martin* for appellant.

(1) The petition did not state a cause of action. The statute, G. S. 1865, p. 366, did not authorize the association to enter into the contracts with Pœhler which are declared on in the petition. Field on Corp., sec. 54. (2) The by-laws of the association providing that in case of non-payment of dues for four months, the delinquent shares should be forfeited, were oppressive and unreasonable and therefore void. (3) The by-laws did not authorize . the condition in the deed of trust that if default should be made in the payment of interest or monthly dues on the stock, and the same should remain unpaid for four months, then the whole debt should become due and enforcible. (4) There is no evidence in the case which entitled respondent to an assignment of the bonds by reason of the fact that he held a junior incumbrance. (5) The court erred in the finding under the

pleadings and evidence that any sum was due respondent on account of the bonds. (6) The court also erred in giving the instruction asked by respondent and in refusing the instructions asked by appellant.

*J. C. Kiskaddon* for respondent.

A corporation has the power to make any and all contracts necessary to further the purposes for which it is created. When a corporation is given a general power to do a certain business it may adopt all reasonable modes which a natural person might adopt in transacting similar business. Field on Corp. § 246; *Bank vs. Patterson,* 7 Cranch, 299; *Kitchen v. Railroad Co.,* 59 Mo. 514; *Henning vs. U. S. Ins. Co.,* 47 Mo. 425. This corporation was formed "for the purpose of accumulating a fund to be lent on real estate security, or divided among its members." It should "lend its funds on real estate security only and upon the terms and condition and in the manner which shall be specified by its by-laws." Gen. Stat. 1865, p. 366, §§ 7 and 10. The statute, constitution and by-laws sufficiently provide in general terms for all these matters. The details vary with each individual case. We therefore submit that the corporation had power to make the contract it did make with Pœhler. This corporation, if it had deemed it proper, could have taken negotiable promissory notes as evidence of its loans. Corporations having the right to receive bills and notes, have the implied right to transfer them so as to give title either with or without indorsement. *Marvine vs. Hymers,* 12 N. Y. 223; *Bank vs. Sharp,* 6 How. (U. S.) 301; *Hardy vs. Merriweather,* 14 Ind. 203; *McIntyre vs. Preston,* 5 Gil. 48; *Bank vs. Bank,* 3 Kern. (N. Y.) 309. In equity and under our statute every debt founded on contract is assignable; especially when the amount of the debt and the liability of the debtor are ascertained. 2 Sto. Eq. Jur., §1039, *et seq; Page vs. Gardner,* 20 Mo. 507; *Sumrall vs. Sun. Mut. Ins. Co.,* 40 Mo. 27; *Water-*

*man vs. Frank*, 21 Mo. 108; *Minor vs. Edwards*, 10 Mo. 671; *Melton vs. Smith*, 65 Mo. 315. Finally, the contract between the corporation and Pœhler the mortgageor made the bonds and deeds of trust in express terms, assignable. Plaintiff was a subsequent mortgagee to the corporation and had the right to pay the debt secured by prior mortgages, and by so doing he became subrogated to all the rights of the prior mortgageors. 1 Hilliard on Mort. (3rd Ed.) 329; *Wolff v. Walter*, 50 Mo. 292; *Peltz v. Clark*, 5 Pet. 481; 2 Story Eq., sec. 1023. By Pœhler's failure twice to pay his contribution on stock, and interest on the loan to him, the whole debt became due. There is nothing unreasonable in a by-law which prescribes when a debt shall become due. Field on Corp., sec. 306. Respondent's defence of tender of $35 on Aug. 22, 1879, to the corporation, in payment of all dues, interest and penalties then owing by Pœhler to the corporation is insufficient, because, 1st., it is not well pleaded; it does not state that it was made to the proper officer at the proper time or place, or that it was the exact amount then due. 2nd. There is no evidence of sufficient tender. Bouv. Law Dic., *Art.* Tender; 2 Par. on Cont. (6th Ed.) 637. A debtor may direct where his payment shall be applied, but if he does not the creditor may apply it to any one of two or more debts, or to any item of indebtedness. *Middleton v. France*, 21 Mo. 412; *Waterman v. Younger*, 49 Mo. 413; *Gantner v. Kemper*, 58 Mo. 567; *Shortridge v. Pardee*, 2 Mo. App. 363.

EWING, C.—The plaintiff substantially alleged that the "Washington Building and Savings Association" was a corporation. That on January 3rd, 1872, the defendant, Aug. Pœhler, made and delivered to said association his bond with conditions, for $800. That to secure the payment thereof he then and there executed and delivered to Stephen M. Jones his deed whereby he conveyed certain real estate to said Jones as trustee. In this deed of trust and bond there are numerous conditions fully set

out, as to the requirements of the by-laws and constitution of the association which need not be fully stated here.

Plaintiff further alleged that said Pœhler on January 8th, 1873, and on February 4th, 1874, made two other bonds for $200 each, similar to the first and delivered them to said association and secured them by two other deeds of trust on the same real estate. That afterwards, on February 1st, 1877, said Pœhler made and delivered to plaintiff his three promissory notes, and to secure them executed a deed for the same real estate to VanBuren Jones as trustee. That the said Pœhler failed to comply with the conditions as to the payment of the bonds to said association, and that the association advertised the land as provided by their deeds; that the three notes made and delivered to plaintiff as above set forth were not then due; and that plaintiff paid off the bonds to the association and took an assignment thereof, and stopped the sale. That afterwards Pœhler failed to pay the three notes given to plaintiff as above, whereupon VanBuren Jones, the trustee, advertised and sold the land, which was bought by Breckenkamp for $453, and he received a trustee's deed from the trustee, Van-Buren Jones.

That afterwards the defendant, Breckenkamp, paid to plaintiff the sum of $250, and at the time of said payment it was mutually agreed by and between plaintiff and the said Breckenkamp, that said sum of $250 should be credited of the sum which plaintiff claims to be due him on the three bonds aforesaid, without any acknowledgment on the part of said defendant that any more than that sum is due on said bonds, or that the sums claimed to be due on any particular bond is due. That there is yet due plaintiff on said bonds, after deducting said sum of $250, the sum of $231.73, with interest from the date last aforesaid. Plaintiff then prays for an ascertainment of the sum due, and that the land be sold to satisfy it.

The sole appellant, Breckenkamp, alone answered and admitted that his interest in the land was correctly stated by plaintiff, and sets out the constitution of the said Savings Association, amongst other provisions of which is the following :

Art. 6.—Payment of monthly installments.

Every shareholder shall pay for each and every share subscribed by him, in the monthly meeting as prescribed in the by-laws of this association, one dollar monthly to the treasurer.   In case of his neglect or refusal to pay the same, a fine of ten cents per month for every dollar due, shall be assessed and added to his dues by the secretary.   In case of non-payment of dues for the term of four months in succession, the delinquent shares shall be forfeited. to the association.

And the following :

Art. 11.—Object of the Association.

The object of this association is and shall be the accumulation of a fund from monthly installments, premiums, fines, and interest on loans, for the benefit of its members.

The defendant then admits that Pœhler violated the conditions of the three bonds and deed of trust in certain particulars, to wit: "That he failed to pay his monthly dues and interest on the first Wednesday in June, 1878, and also failed to pay on first Wednesday in October, 1878," but alleges that he afterwards tendered the amounts to the said association and to the plaintiff, which was refused; and that the assignment of the said bonds by said association to plaintiff was without authority of law, was not authorized by its charter, and therefore void.   That on the 24th day of January, 1880, this defendant paid plaintiff, on account of said bonds, the sum of $250, which sum so paid, at said time, was in excess of the amount actually owing thereon, and prays that the three bonds and deeds of trust be declared void, and the title to the land decreed in the defendant.

Plaintiff then read in evidence the several bonds and

deeds of trust, and notes and trustee's deed, as referred to in the petition, and introduced the former secretary of the association, whose evidence tended to show the amount paid by Pœhler and amounts then due and unpaid; that a tender was made by appellant but which was refused because the bonds had been assigned to plaintiff, and because the association claimed the whole debt to be due. Also offered in evidence the assignments on the bonds, of which the following is a copy:

"WASHINGTON, Mo., Sept. 17, 1879.

The Washington Building and Savings Association hereby assigns the within bond, and deed of trust securing it, for the sum of $321.22, the balance due thereon, to J. J. Detweiler, for value received.

Washington Building and Savings Association,
By H. H. BEINKE, President."

Defendant then offered in evidence a deed from Pœhler to Wm. H. Breckenkamp, trustee, conveying the land described in the petition to secure a $500 note made by Pœhler to appellant November 1st, 1875; and introduced himself as a witness, and testified that he had been the holder of the note described in the trust deed just offered in evidence since its execution. That he made a proposition to plaintiff at Washington, Mo., on Nov. 1st, 1879, the same day the property was sold by Jones under the Detweiler deed of trust, to pay him then and there $300, in satisfaction of these bonds, or would pay the monthly dues, interest and penalties, as called for by the bonds. That he had the money with him at the time, and that Detweiler replied, "that he wouldn't take a cent less than $500." That about the last of September, 1879, he asked Mr. Stumpe, the secretary of the association, to figure up the amount that was due on these bonds, that he wanted to pay it, and that Stumpe replied: "He had nothing to do with it, as the bonds had been sold to Detweiler."

That on January 24th, 1880, he paid respondent,

Detweiler, on account of these bonds, $250, under the arrangement mentioned in the petition—no prejudice to result to either party on account of such payment. He, also, paid $15, the cost of the advertisement. Detweiler had the property advertised for sale under the deeds of trust he had received from the association; the sale was to take place that day, and the payment of this money stopped it, they agreeing to litigate the balance in the courts.

The court thereupon instructed for plaintiff as follows:

"If the court believes from the evidence that August Pœhlor executed and delivered the three bonds and deeds of trust described in plaintiff's petition, for the benefit of the Washington Building and Savings Association and that subsequently the said Pœhler executed and delivered the deed of trust described in the petition for the benefit of the plaintiff, then, if the court further believes that default had been made by the said Pœhler in the conditions of the bonds and deeds of trust for the benefit of the association, and that the debt secured by the deed of trust aforesaid, for the benefit of plaintiff was impaired, plaintiff had a right to redeem said three bonds and deeds of trust, first aforesaid, by paying the amount due on the bonds, and on such redemption would be subrogated to the rights of the association."

"If the court believes from the evidence, that any installment of dues to the Washington Building and Savings Association from the said Pœhler was not paid at the time it was contracted to be paid under the constitution, by-laws, bonds and deeds of trust in evidence in this cause, and continued to be due and unpaid for the period of four months from the time the said installment or installments became due and payable, then by the terms of said bonds and deeds of trust, the whole of the debt secured by said bonds and deeds of trust

immediately became due and payable, and the said association was not bound to receive a payment of any further installments, but might proceed to enforce said deeds of trust by a sale thereunder, and apply the proceeds to a discharge and payment of any balance due of the amount loaned to the said Pœhler upon said bonds and deeds of trust."

And refused the following instructions for the defendant, to wit: "That there is no evidence in the cause entitling the plaintiff to recover as against defendant, Breckenkamp, and the issues must accordingly be found for said defendant."

"That the Washington Building and Savings Association had no authority of law, nor was it empowered by its constitution and by-laws, read in evidence, to assign the bonds sued on in this action, to the plaintiff, and that plaintiff took no title to said bonds by reason of such assignment."

· The court then found all the facts and decreed that: "Wherefore, it is considered by the court that plaintiff do recover of the defendant, Pœhler, the sum of $242, the debt aforesaid, together with his costs and charges herein expended, to be levied of the following described real estate, being the same described in the three deeds of trust aforesaid (here follows description of land as in the petition), and that special execution issue therefor; provided, however, and it is hereby ordered and adjudged, that said execution shall not issue until after the adjournment of the next November term of this court, and that in the meantime, the defendant, Breckenkamp, his heirs, executors, administrators, or assigns, shall have full power and authority to redeem said real estate, by the payment to the plaintiff, his executors, administrators, or assigns of the debt aforesaid with interest and costs, and he, the said Breckenkamp, his heirs, executors, administrators, or assigns, may, upon such payment, at their option, have the judgment cancelled as satisfied, or duly assigned to them."

I.   It is insisted by the appellant that under the law of 1865 (Gen. Stat., p. 366, sections 7–13), the association had no power to enter into the alleged contracts with Pœhler.   Section seven referred to provides: "Any persons,  *  *  *  and their successors, may become a body corporate, for the purpose of accumulating a fund, to be lent on real estate security, or divided amongst its members."   Section 10.—"Every such corporation shall lend its funds on real estate security only, and upon the terms and conditions, and in the manner which shall be specified by its by-laws."   It is not perceived wherein this association exceeded its authority granted by these sections, when it loaned its money to its members and took deeds of trust on real estate as security.   It would seem to have had the most ample power.   It loaned its money "for the purpose of accumulating a fund," and had power to loan on "real estate security only."   In *Bary v. Merchants' Exch. Co.*, 1 Sandf. Ch., 280, it is said: "Every corporation, as such, has the capacity to take and grant property, and to contract obligations the same as an individual.  *  *  *  And every such corporation has power to make all contracts which are necessary and usual in the course of the business it transacts, as means to enable it to effect such object, unless expressly prohibited by law."   Field on Corp., sec. 246; *Bank of Columbia v. Patterson*, 7 Cranch 299; *Kitchen vs. C. G. & S. L. Ry. Co.*, 59 Mo. 514; *Henning vs. U. S. Ins. Co.*, 47 Mo. 425.

II.   If the corporation had power to enter into contracts for the loan of its money and take real estate security therefor, it follows that it had power to sell and assign these contracts.   *Marvine v. Hymers*, 12 N. Y. (Kernan) 223; *Bank v. Sharp*, 6 How. (U. S.) 301; *Hardy v. Merriweather*, 14 Ind. 203.

III.   It is insisted that the by-laws of this corporation were unreasonable, oppressive, and contrary to public policy, for the reason that the "transfer of the bonds operated as an absolute forfeiture of his (Pœhler's)

stock in the association." But if that be true, why does
the appellant complain. Pœhler did not appeal. He was
a party to the suit, and did not even answer, and is not
here now complaining of the assignment of the bonds to
plaintiff.

IV.  It is insisted by appellant that notwithstanding
the admitted default of Pœhler, he afterwards tendered
the whole amount due, or rather the whole amount he
should have paid, if it had been paid at the time re-
quired by the by-laws. The by-laws prescribed the
monthly meeting to be held on the first Wednesday in
each month, at which time each member was required to
pay his monthly dues of interest, etc. Then the bonds
and deeds of trust provided that if there should be de-
fault in the payment of interest as therein provided,
"and the same should remain unpaid for the space of
four months after any payment thereof should fall due,
then the whole principal debt aforesaid should, at the
option of said association,  *  *  *  immediately there-
upon become due, and payable, and recoverable, &c."
The evidence shows that the first default was June, 1878,
and tender thereof made in August, 1879, ten months
after it became due. In the meantime the association
exercised its option to require the whole debt to be paid,
which it clearly had the right to do, after which the
association was not bound to accept any sum less than
the whole debt.

V.  But the whole real question in the case is as to
the true amount unpaid on the three bonds sued on—the
plaintiff contending for one sum and the defendant in-
sisting that they had been fully paid. A question of
fact. The evidence upon each theory was heard by the
court, and upon it we believe the instructions given on
behalf of the plaintiff were correct, and not error as in-
sisted by the appellant. Under these instructions and
evidence the court finds a certain amount to be yet due and
unpaid on said bonds, and orders the land sold for the
debt, but with ample time and opportunity to the appel-

lant to redeem it. And in our opinion that judgment is right.

Let the judgment be affirmed. All concur.