GEORGE W. E. GRIFFITH, APPELLANT, V. JOHN SALLENG ET AL., APPELLEES.

FILED MARCH 17, 1898.   No. 7951.

Mortgage: PAYMENT: RELEASE: ASSIGNMENT OF COUPONS: ACTION BY ASSIGNEE. A purchaser of land incumbered by a mortgage showing on its face that it was given to secure a bond with negotiable coupons attached representing the interest installments, paid to the holder of the bond the amount thereof, took from him a release of the mortgage and paid to his vendor the remainder of the purchase price. Some of the interest coupons had been assigned to a third person and were overdue and unpaid. *Held*, That the holder of the interest coupons might maintain an action to foreclose the mortgage for default in their payment.

APPEAL from the district court of Dawson county. Heard below before HOLCOMB, J.   *Reversed.*

*Warrington & Stewart,* for appellant.

*E. A. Cook, contra.*

IRVINE, C.

The facts in this case are in their essential features undisputed.   Salleng, being then the owner of certain land, executed a mortgage thereon to secure the payment of a bond for $2,500 to the Western Farm Mortgage Trust Company.   The bond bore interest at the rate of seven per cent per annum, payable semi-annually, and represented by coupons attached to the bond in the form of negotiable promissory notes.   Five of these coupons were assigned to a trustee representing holders of bonds of the trust company, for the purpose of securing such bonds.   The principal bond was assigned to the People's Guarantee Savings Bank.   Salleng sold the land and his grantee finally conveyed it to one Smith, who was to pay therefor in gross $6,000; that is, he was to satisfy the indebtedness which incumbered the land, and pay to his grantor the difference between that indebtedness and

$6,000. He paid the bond held by the savings bank and procured from it a release of the mortgage, and settled with his grantor for the rest of the $6,000. He did not pay the coupons held by plaintiff, who had succeeded to the trust for the bondholders of the trust company, and did not in fact know that those coupons were so held or that they were unpaid. The plaintiff brought this suit to foreclose the mortgage on account of failure to pay the coupons. The district court on these facts found for the defendants and dismissed the case. The plaintiff appeals.

The judgment of the district court is manifestly wrong and must be reversed. The mortgage was recorded and showed on its face that it was given to secure the bond and that the interest was represented by negotiable coupons. Smith was as much charged with notice of these coupons as with notice of the principal debt. The mere fact that the coupons were overdue and that no action had been brought upon them did not justify him in presuming that they had been paid or estop the plaintiff from maintaining this action. No one would contend that one finding a mortgage on record and overdue would be justified in presuming payment within the period of limitations from the fact that it was overdue, but the case is in this aspect the same as if the principal debt instead of interest alone were involved. The case of *Whipple v. Fowler*, 41 Neb. 687, is relied on by appellee. That case is not at all in point. It was there held that one who bought relying on a release of a mortgage, on record and executed by the mortgagee, was protected against the mortgage although it had been assigned to another and the original mortgagee had no right to release it. In this case Smith bought with the mortgage standing of record, unreleased, and merely assumed that when he found the principal bond in the possession of a third person, he was safe in paying that third person, without inquiring what had become of the negotiable interest coupons. There is no element of estoppel in the case, and

Smith settled with his vendor at his peril. The judg-
ment of the district court is reversed and the cause re-
manded with directions to enter a decree of foreclosure.

REVERSED AND REMANDED.