NEW ENGLAND LOAN & TRUST COMPANY, APPELLEE, V. EMILY J. ROBINSON, APPELLANT.

FILED SEPTEMBER 23, 1898. No. 8235.

1. **Assignment of Coupon: MORTGAGES.** The detaching of an interest coupon from a bond, by the owner thereof, and transferring it to a third party, operate as an assignment *pro tanto* of the mortgage which secures the entire debt.

2. **Mortgage: COUPON: ACTION BY TRANSFEREE.** The mortgage in suit examined, and *held* not to contain a contract between the mortgagor and mortgagee precluding the holder of only an interest coupon from maintaining a suit thereon, nor to contain a provision that only the owner and holder of the principal bond secured

by the mortgage should maintain a suit to foreclose the same for a breach of its conditions.

3. ———: RIGHTS OF TRANSFEREE. The provisions of a mortgage are not personal to the mortgagee, but inure to the owner of any part of the debt thereby secured.

4. Rights of Junior Lienor: DISCHARGE OF FIRST LIEN. The holder of a lien upon property may discharge any prior valid lien existing against the same, for his own protection and, for the purpose of reimbursing himself, add the amount due on the lien discharged to his own lien.

5. ———: ———. It is not essential that this right shall be found in express contract between the property holder and the lien holder.

6. ———: ———: VOLUNTARY PAYMENT. The discharge by a lien holder of a prior valid tax or other valid lien is not a voluntary payment, but a payment *in invitum*.

7. Note: POSSESSION: EVIDENCE OF OWNERSHIP. The possession of a promissory note payable to bearer is *prima facie* evidence of the holder's ownership of such note.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*Howard B. Smith*, for appellant.

*C. H. Balliet, contra.*

RAGAN, C.

Emily J. Robinson executed and delivered to the New England Loan & Trust Company her bond for $2,500, due five years after date, drawing interest at the rate of 6 per cent per annum from date until maturity, and payable semi-annually, such interest evidenced by ten coupons or interest notes of $75 each, attached to said principal bond. The first of said coupons matured six months after the date of said principal bond, and one other coupon each six months thereafter. These coupons were payable to bearer. To secure the payment of the bond and coupons, Robinson executed and delivered to the trust company a mortgage upon certain real estate in Douglas county, Nebraska. The trust company brought this suit

in the district court of said county, alleging, among other things, that it had sold and transferred said bond and coupons, and the mortgage securing the same, to a third party and guarantied the payment of said bond and coupons; that Robinson made default in the payment of coupons nine and ten, and that the trust company, in accordance with its guaranty, had advanced and paid the amount due thereon to its assignee; and that it—the trust company—was then the owner and holder of said coupons. It claimed to have a lien upon the mortgaged real estate by virtue of the mortgage to secure the payment to it of said coupons, which lien, however, it claimed was subject to the lien of its assignee securing the payment of the principal bond. The trust company further alleged in its petition that, in order to protect its mortgage lien upon said real estate, it had advanced and paid certain state, county, and city taxes which had been legally levied and assessed, and were valid prior liens upon the property. The prayer of the petition was for an accounting of the amount due from Robinson to it on coupons nine and ten, and for the taxes paid, and that said sum might be declared a lien upon the mortgaged property, subject only to the lien of its assignee securing the principal bond. The trust company had a decree as prayed and Robinson has appealed.

1. It is first insisted that the trust company's petition filed in the district court does not state facts sufficient to constitute a cause of action. This argument is based upon counsel's contention that an owner only of an interest note or coupon of said loan cannot maintain an action to foreclose the mortgage securing the payment of such coupon; that a suit to foreclose the mortgage can be brought only by the owner of the principal bond. It is insisted that such is the express contract between the mortgagor and mortgagee, as found in the mortgage itself. The mortgage provided that in case the mortgagor should fail to pay the taxes upon the mortgaged property when due, or make default in the payment of any interest

coupon when due, then "the whole of the indebtedness secured hereby shall become due and collectible at once, at the option of the said second party [the trust company], without further notice, and shall bear interest at the rate of ten per cent per annum from the date of the bond secured hereby; and the holder thereof may recover the whole of the amount of said bond, with interest thereon." By this agreement the holder of the principal bond was given the option of declaring it due before maturity, by its terms, in case the mortgagor made default in paying the taxes or in paying his interest. But it is not a contract between the mortgagor and mortgagee which precluded the holder of an interest coupon from maintaining a suit either at law or in equity thereon; nor is it a contract providing that only the holder of the principal bond should be entitled to maintain a suit to foreclose the mortgage by reason of a breach of its conditions. The mortgage was given to secure the payment not only of the principal bond, but to secure the payment of the interest coupons as well; and the detaching of the coupon from the bond by the owner thereof and transferring it to a third party operated as an assignment *pro tanto* of the mortgage which secured the entire debt. (*Burnett v. Hoffman*, 40 Neb. 569, and cases there cited; *Griffith v. Salleng*, 54 Neb. 362.)

2. A second contention under the argument that the petition does not state facts sufficient to constitute a cause of action is that the holder of the coupons could not pay taxes which were a lien upon the mortgaged real estate and recover such taxes from the mortgagor or the mortgaged property. The mortgage provided that if the mortgagor should neglect to pay the taxes on the mortgaged property, the mortgagee might do so, and recover the amount paid with ten per cent interest from the mortgagor, and that the mortgage should stand as security for the taxes so paid. The argument is that the owner of the principal bond and mortgage might pay the taxes upon this mortgaged property and have a lien upon

the property to secure their repayment, but that the payment of taxes by the holder of a coupon only was a voluntary payment; but the agreement of the mortgagor that, in case he failed to pay the taxes upon the mortgaged property when due, the mortgagee might pay the same, and have a lien upon the mortgaged property for their repayment, was an agreement, not only for the benefit of the original mortgagee, but one which inured to the lawful owner and holder of any part of the debt secured by this mortgage. But if the mortgage had contained no provision whatever upon this subject, we think that the lawful owner and holder of this particular bond, or of any coupon thereof, might discharge any prior valid lien upon the property for the protection of his own lien, and, to secure the repayment of the money so advanced, add the amount of that lien to his own. (*Leavitt v. Bell*, 55 Neb. 57, and cases there cited.) The holder of a lien upon property, either real or personal, may discharge any prior valid lien existing against the property, for his own protection, and for the purpose of reimbursing himself add the amount due on the lien discharged to his own lien upon the property; and it is not necessary that this right should be found in an express contract between the property owner and the holder of the lien. The discharge by a lien holder of a prior valid tax or other lien is not a voluntary payment, but a payment *in invitum*.

3. The petition of the trust company alleged that after it received the bond, coupons, and mortgage from Robinson, it transferred and sold them to a third party and guarantied the payment of the mortgage debt, and that it subsequently, by reason of Robinson's default, was compelled to and did pay to its assignee the amount due on coupons nine and ten. These allegations were denied by the answer of Robinson, and it is now argued that the finding of the district court that these allegations of the trust company's petition were true is not sustained by the evidence. The contention is correct. The evidence does not sustain that particular finding of the district

court; but the petition of the trust company also alleged that it was the owner and holder of these coupons nine and ten; and, while this allegation of the petition was denied by the answer, the evidence sustains the finding of the district court that the trust company, at the time this suit was brought, was the owner and holder of these coupons. We think, therefore, the finding of the district court that the trust company had sold and guarantied the payment of this mortgage debt, and then to protect its guaranty had paid to its assignee these two coupons, becomes immaterial.

4. But it is insisted that the finding of the district court that the trust company, at the time of bringing this suit, was the owner of coupons nine and ten is not sustained by the evidence. We think it is. The execution and delivery of these coupons to the trust company by Robinson were admitted by her in her answer. They were payable to bearer and they were in possession of the trust company, and produced on the trial. The possession of a promissory note payable to bearer is *prima facie* evidence of the holder's ownership of such note. (*Sharmer v. McIntosh*, 43 Neb. 509; *City Nat. Bank of Hastings v. Thomas*, 46 Neb. 861.)

5. The foregoing are the only points argued in the briefs of counsel which we deem it necessary to notice. The decree of the district court is right and is

AFFIRMED.