[No. 6788.    Decided March 23, 1908.]

## BARTLETT ESTATE COMPANY, *Appellant*, v. FAIRHAVEN LAND COMPANY, *Respondent*.[1]

MORTGAGES—OPTION TO DECLARE DEBT DUE—RIGHTS OF ASSIGNEE. An assignee of a mortgage giving to the mortgagor the option to declare the whole sum due upon default in the payment of interest or principal has the right to exercise the option, although the mortgage omits words of inheritance or of succession.

SAME—PARTIAL RELEASE—CONSTRUCTION—MATURITY OF DEBT BY EXERCISE OF OPTIONS. A release agreement providing that portions of the mortgaged premises shall be released upon the making of partial payments "prior to maturity," requires that such payments be made before the mortgagee has elected to declare the whole debt due for default in the payment of interest or installments of the principal; and evidence of sales, since the commencement of the action, of portions of the premises sufficient to pay the amount of the debt in arrears, is inadmissible.

SAME—ATTORNEY'S FEES. Upon the mortgagee's electing to declare the whole debt due after default in the payment of interest or installments, there should be allowed an attorney's fee based upon a recovery of the entire debt.

[1]Reported in 94 Pac. 900.

EVIDENCE—To VARY WRITING—ADMISSIBILITY.  The plain and unambiguous terms of a mortgage and release agreement cannot be varied or added to by extrinsic evidence to aid in its construction.

Cross-appeals from a judgment of the superior court for Whatcom county, Neterer, J., entered January 11, 1907, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage upon real estate.   Reversed.

*Newman & Howard,* for appellant.

*Black, Kindall & Kenyon* and *Dorr & Hadley,* for respondent.

FULLERTON, J.—In this action the Bartlett Estate Company, plaintiff below, sought to recover from the defendant, Fairhaven Land Company, upon six promissory notes executed by the last-named company, payable to one Richard B. Ayer, as executor of the last will and testament of Erastus Bartlett, deceased, and to foreclose a mortgage given to secure the notes.   The notes and mortgage by assignment had become the property of the plaintiff.   The notes were executed on September 13, 1902, the first being for $27,000, payable on or before July 13, 1903, the second, third, fourth, and fifth being for $20,000 each, payable consecutively on July 13 of the years 1904, 1905, 1906, and 1907, the sixth being for $53,000, payable on July 13, 1908; each of said notes bore interest at the rate of five per centum per annum, payable, with the exception of the first, semi-annually.   The mortgage was conditioned to secure the payments of the several notes according to their tenor and effect.   It also contained a condition to the effect that if default should be made in the payment of the principal sum of any one of the notes or the interest due thereon at the time the same should become due, or if default should be made in the payment of the taxes assessed upon the mortgaged property within thirty days after the same became delinquent, then the aggregate sum of

the principal and interest owing upon the notes should become immediately due and payable at the option of the "party of the second part [the mortgagee] without notice to the" mortgagor.

At the time of the execution of the notes and mortgage and as a part of the same transaction, the mortgagee executed and delivered to the mortgagor an instrument, called by the parties a partial release agreement, by the terms of which the mortgagor agreed to release from the operation of the mortgage certain described tracts of land on the payment of certain fixed sums as set forth in a schedule attached to the agreement; the time when such partial payments could be made, and the effect of the same, is set forth in the agreement in the following language:

"And it is further agreed that any one or more such partial payments may be made at any time prior to maturity, and that all payments under this agreement may be made to the said Richard B. Ayer, as executor of the last will and testament of the said Erastus Bartlett, deceased, by paying the money therefor in cash to the said Richard B. Ayer, at Fairhaven, Whatcom county, Washington, or to such other person as the said Richard B. Ayer, as executor, may designate by written notice to the said Bellingham Bay Land Company, and said payments, when so made, shall be forthwith endorsed upon the first note due described in the mortgage and credit shall be immediately given to the Fairhaven Land Company of such payment upon the first note due from it to said Ayer.

"It is further understood and agreed that nothing herein contained shall affect or vary the terms and condition of the original mortgage contract, or in any manner impair the lien thereby created on any of the property in said mortgage, otherwise than in this agreement contained. In the event of a foreclosure nothing herein contained shall be construed to prevent the entry of a decree adjudging the entire amount due or to become due upon said notes described in the said mortgage as a valid first lien upon all of the property described in said mortgage not theretofore released."

The action was brought on July 23d, 1904. At that time there had become due by the terms of the mortgage, in prin-

cipal and interest and unpaid taxes, over and above payments, some $31,000, and the holder of the mortgage sought to exercise the option therein given by declaring the whole sum of principal and interest due and payable, and brought the action to foreclose the mortgage for the entire amount.

The complaint was in the usual form. It set forth the notes and mortgage at length, stated the amount paid and the amount delinquent thereon, averred a breach of the condition of the mortgage, the holders election to declare the entire sum of principal and interest due, and prayed a decree subjecting the mortgage property to a sale in satisfaction of the amount due. The answer was not filed until nearly a year after the commencement of the action. It was long and complicated. After denying certain allegations of the complaint it set forth three several affirmative defenses, followed by three several counterclaims, all growing out of matters arising subsequent to the commencement of the action of foreclosure. These defenses and counterclaims were based on what the defendant conceived to be breaches of the conditions of the terms of the mortgage and the terms of the partial release agreement. It was also contended that, since the right of election given to the mortgagee to declare the entire mortgage debt due and payable on failure to pay the installments of principal and interest and the taxes as the same became due and delinquent did not in terms extend to an assignee of the mortgage, the right was personal to the original mortgagee and did not pass by assignment to the plaintiffs, and, as a necessary deduction from that principle, it followed that the mortgagor had the right to make partial payments on the mortgage and receive partial releases of the mortgaged property up to the time of the maturity of the last installment of the principal. Acting pursuant to this contention, the defendant made tenders of payment in accordance with the terms of the release agreement, and demanded releases of property in consideration thereof. These tenders the plaintiff refused to accept, and such refusal constitutes the breaches

which give rise to the affirmative defenses and counterclaims. The amount of one of such tenders; namely, a tender of $104.48, for the release of a strip of land described in the release agreement as the "Old Colony Wharf strip," the defendant brought into court by paying the same to the clerk at the time of filing its answer.

The trial judge accepted the defendant's view of the right of election given in the mortgage, and allowed a foreclosure for the sums due and unpaid in principal, interest, and taxes, according to the terms of the mortgage at the time the decree was entered. He disallowed, however, the claims for damages arising out of the breach of the partial release agreement; disallowing also the defendant's demand for a release of the property for which tenders had theretofore been made, save and except the tender for the Old Colony Wharf strip, where the amount of the tender was brought into court and deposited with the clerk at the time of filing the answer. From the decree entered, both the plaintiff and the defendant, Fairhaven Land Company, have appealed.

The errors assigned on the part of the Bartlett Estate Company are three in number, namely: (1) that the court erred in refusing to adjudge the entire indebtedness represented by the notes and mortgage to be due and payable, and in refusing to enter a decree of foreclosure for the entire indebtedness; (2) that the court erred in releasing from the operation of the mortgage the tract known as the Old Colony Wharf strip; and (3) that the court erred in refusing to allow an attorney's fee based on the recovery of the entire indebtedness.

The record does not disclose the reason given by the learned trial judge for refusing to permit the present owner of the mortgage to exercise the option therein given to declare the entire debt due on a failure to pay the installments of principal, interest, and taxes, as they matured, but it is said that he so held because the right to exercise this option was not granted in terms to an assignee of the mortgage, and hence

held that the right was a personal privilege of the original mortgagee which he could not pass to a third person by assignment. It seems to us that the conclusion does not necessarily follow from the fact. At common law, and formerly in many of the states of the Union, a mortgage was regarded as a conveyance passing the fee of the property mortgaged to the mortgagee, and it was thought, following the analogy of an ordinary deed of conveyance, that words of inheritance or of succession were necessary if the instrument was to operate as anything more than a mere personal grant to the mortgagee. But in this state the rule that words of inheritance or of succession are necessary to pass a fee is no longer applicable even to deeds, where the purpose of the instrument is to convey title in fee. Bal. Code, §§ 4519, 4520, 4525 (P. C. §§ 4451, 4452, 4437). Much less is it applicable to a mortgage, which is nothing more than a mere lien or security for debt, and which passes to the assignee by an assignment of the debt without any formal assignment of the mortgage itself. It must follow from this, we think, that the assignee takes the security with the debt, having all the rights therein possessed by his assignor. It is possible, of course, to make a mortgage with covenants personal to the mortgagee which will not pass by assignment, but to do so the intent must be expressed in clear and unmistakable language; it is not so expressed by a mere omission to add words of inheritance or of succession to the covenants of the mortgage.

The cases where this question is presented and determined seem not to be many. It was before the court in *Redman v. Purrington*, 65 Cal. 271, 3 Pac. 883. In that case the covenant in the mortgage was as follows:

"In case default be made in the payment of either principal or any installment of interest, as provided, then the whole sum of principal and interest shall be due at the option of the party of the second part (the mortgagee), and suit of foreclosure may be brought immediately."

and the court held that it inured to the benefit of the assignees of the mortgage, giving them the right to elect to

consider the entire debt due on the failure to pay an installment of interest falling due prior to the maturity of the principal debt.    To the same effect are the cases of *Brand v. Smith*, 99 Mich. 395, 58 N. W. 363, and *New England Loan & Trust Co. v. Robinson*, 56 Neb. 50, 76 N. W. 415, 71 Am. St. 657.    So in 27 Cyc. 1309, it is said:

"The assignee of a mortgage may maintain in his own name a bill in equity, or a statutory action for its foreclosure; and if the mortgage gives the right to foreclose on default in the payment of interest or of any instalment of principal, anticipating the maturity of the rest, this right may be exercised by the assignee as well as by the original mortgagee."

And in Jones on Mortgages, § 1182a, it is said that an assignee of a mortgage may exercise this option in the same way that the mortgagee himself may.    Of the cases cited as maintaining the contrary doctrine we have found none directly in point.    Those more nearly analogous are founded on the earlier view of a mortgage; namely, that it operated as a conveyance of the mortgaged property, and, as we have shown, are not applicable in a jurisdiction where a mortgage is regarded as a mere lien for the security of a debt.    We conclude, therefore, that the court erred in refusing to hold the entire mortgage debt due and the mortgage ripe for foreclosure.

The second assignment is answered by the language of the release agreement itself.    As shown by the quotation before made, it is provided that any one or more of such partial payments could be made "prior to maturity" of the mortgage debt.    This must mean a time prior to the election of the mortgagee to declare the entire debt due and payable, for a mortgage due by election of the mortgagee is as fully matured as is one due by the expiration of the extreme limit of time fixed for payment.    In other words, a mortgage due for the purposes of foreclosure is due for all purposes, and when the right of foreclosure for the entire debt exists, no right which must be exercised before maturity of the debt can be exer-

cised after foreclosure has been begun. The court erred, therefore, in allowing a partial release after foreclosure proceedings had been begun.

It follows also from the foregoing that the third assignment of error is well taken, and that the court should have allowed an attorney's fee based on a recovery of the entire indebtedness.

The assignments of error on the part of the Fairhaven Land Company, are in the main met by the conclusion we have reached on the question of the assignability of the right to exercise the election to declare the entire debt due, and the right to secure releases by making partial payments after the exercise of that election. The defendant, however, contends that the court erred in striking from its answers as immaterial certain paragraphs wherein it recited the history of the transaction between itself and one Erastus Bartlett, the predecessor in interest of the plaintiff, which gave rise to the creation of the indebtedness sued upon; the purpose being to aid in the interpretation of the writings between the parties. But it is only where the writing is in itself ambiguous and capable of different constructions that the court is permitted to call upon extrinsic evidence to aid in its construction. The true meaning of the terms of a mortgage, like the meaning of the terms in other written instruments, must be gathered from the writing itself where it is plain and unambiguous; it cannot be added to or varied by showing extrinsic matters, or a prior or contemporaneous parol agreement.

It is urged also that the court erred in refusing to permit the appellant to prove the facts set forth in the third paragraph of its second affirmative defense, to the effect that, subsequent to the commencement of the foreclosure action, it contracted to sell portions of the mortgaged property for sums sufficient to pay all that was then in default upon the mortgage debt, and would have received such sums had the mortgagee executed releases as demanded. But this was after the mortgagee had exercised its option, and it was then

too late for the mortgagor to demand releases as a matter of right. To prove, therefore, that it could then have sold enough of the mortgaged property to pay the amount of the debt in arrears constituted no defense to the action, and it was not error to exclude the proffered evidence.

Other questions suggested are met by what we have said in connection with the plaintiff's appeal, and require no separate consideration.

The judgment appealed from is reversed, and the cause remanded with instructions to enter the usual judgment foreclosing the mortgage for the entire mortgage debt, disallowing the application to release the tract known and described in the mortgage as the Old Colony Wharf strip, and allowing to the plaintiff a reasonable attorney's fee based on the recovery of the entire mortgage debt. The appellant, Bartlett Estate Company, will recover its costs on appeal.

MOUNT, ROOT, and RUDKIN, JJ., concur.

HADLEY, C. J. and CROW, J., took no part.