STATE BANK OF REYNOLDS, a Corporation, Respondent, v. FIRST NATIONAL BANK OF REYNOLDS, Appellant, Lorensi Wester and Farmers State Bank of Bijou, Minnesota, a Corporation, Defendants.

(192 N. W. 967.)

**Mortgages — law providing thirty days written notice before foreclosure held not to negative legal effect of acceleration clause in mortgage and note.**

1. Chapter 131 of the Laws of 1919, which provides for thirty days' written notice before proceedings to foreclose a mortgage on real property, is construed and held not to negative the ordinary legal effect of an acceleration clause in a mortgage and note.

**Mortgages — tender of interest during thirty-day notice period for foreclosure held not to cure default in payment or reinstate mortgage.**

2. Where a mortgagor was in default in failing to pay two annual interest notes secured by real estate mortgage, and where the mortgagee had served notice of the exercise of an option to declare the whole amount due, such declaration being in accordance with an acceleration clause in the mortgage and note, a subsequent tender of the interest during the thirty-day notice period, provided in chapter 131 of the Laws of 1919, does not cure the default or reinstate the mortgage.

Opinion filed March 23, 1923.

Mortgages, 27 Cyc. p. 1522 n. 96, 97.

Appeal from the District Court of Grand Forks County, *Cooley,* J. Affirmed.

*McIntyre, Burlness & Robbins,* for appellant.

"The object of all statutory interpretation and construction is to ascertain and give effect to the intention of the legislature." State ex rel. Linde v. Taylor, 33 N. D. 76; State v. Stockwell, 23 N. D. 70, 97.

"Where the language of the statute is ambiguous, it is proper to consider the conditions with reference to the subject-matter that existed when it was adopted, the occasion and necessity for the law, and the causes which induced its enactment, or, in other words, the mischief sought to be avoided and the remedy intended to be afforded." 25 R. C. L. 1015.

"A tender made of an instalment of interest due on a mortgage stipulating that, if default is made in payment of any instalment of interest for twenty days the whole of the principal may at the option of the holder, become due, a payment made within the days of grace specified and sufficient in amount, and before commencement of foreclosure deprives the holder of the right to demand payment of the entire principal." Beiver v. Goldburg, 117 N. Y. Supp. 211; Cresco Realty Co. v. Clark, 112 N. Y. Supp. 550; Sheik v. Donohue, 79 N. Y. Supp. 233; Lynch v. Cunningham, 6 Abb. Pr. 94.

"Stipulation in a mortgage conferring power of sale in case of default gives a remedy which must be exercised agreeably to the statutes relating thereto in force when the remedy is invoked." Orvik v. Casselman, 15 N. D. 34.

"Where a new statute deals with procedure only, prima facie it applies to all actions those which have accrued or are pending, and future actions." Craig v. Hertzman, 9 N. D. 140, 145.

"No person has a vested interest in any particular remedy, the exercise of which does not deprive him of any substantial right." Heitsch v. Minneapolis Thresher Co. 29 N. D. 94, 110.

*J. E. Louden* and *Murphy & Toner,* for respondents.

The obligation of a contract, in the constitutional sense is the means provided by law by which it can be enforced, by which the parties can be obliged to perform. Whatever legislation lessens the efficiency of these means impairs the obligation. If it tends to postpone or retard

the enforcement of the contract, the obligation of the latter is to that extent weakened. The Latin proverb, *qui cito dat bis dat,* he who gives quickly gives twice, has its counterpart in a maxim equally sound, quis serius solvit, minut solvit, he who pays late, pays less. Any authorization of the postponement of payment or of means by which such postponement may be effected, is in conflict with the constitutional inhibition. Louisiana v. New Orleans, 102 U. S. 203, 26 L. ed. 132; Bronson v. Kinzie, 1 How. 311, 11 L. ed. 143; McCracken v. Hayward, 43 U. S. 606, 11 L. ed. 397; Green v. Biddle, 21 U. S. 1, 5 L. ed. 547, 568.

If a state may stay the remedy for one fixed period, however short, it may for another, however long. Edwards v. Keargey, 98 U. S. 595, 24 L. ed. 793.

That a state may not pass a law which extends the period of redemption from mortgage foreclosure sales as regards mortgages already in existence has been many times decided by the Supreme Court of the United States. The leading case on this point is Bronson v. Kinzie, 1 How. 311, 11 L. ed. 143. McCracken v. Hayward, 2 How. 608, 11 L. ed. 397; Grantly v. Ewing, 3 How. 707, 11 L. ed. 794; Barnitz v. Beverly, 163 U. S. 118, 41 L. ed. 93; Lander v. Deemy, 176 N. W. 922.

"Plaintiff's exercise of his election to declare the entire sum due on account of the default in the payment of the first instalment was, we think, sufficient. Doolittle v. Nurnberg, 147 N. W. 400." 27 Cyc. 1524; Modgsdon v. Davis, 6 Dak. 21, 50 N. W. 478; Brown v. McKay, 151 Ill. 315, 37 N. E. 1037.

Where the court said: "That a payment of interest had been received after such default would not constitute a waiver of the right to enforce for the defaults in the payments on instalments of principal." Northwestern Mut. L. Ins. Co. v. Butler, 57 Neb. 198, 77 N. W. 667; McCarthy v. Goodsman, 167 N. W. 503.

BIRDZELL, J. In October, 1919, the defendant, Wester, gave to the plaintiff his note for $7,500, payable in October, 1929, with 6 per cent annual interest, evidenced by coupons. The note was secured by a real estate mortgage executed concurrently therewith. Both the note and the mortgage provided that if default were made in the payment of interest the whole of the principal and the accrued interest would, at the option of the creditor, become at once due and payable without

notice to the mortgagor. The mortgagor defaulted in the payment of interest on October 10, 1920, and again on October 10, 1921. In November, 1921, the cashier of the plaintiff bank told the defendant Wester that the bank had decided to foreclose the mortgage. Following this, a notice of intention to foreclose (dated December 1, 1921) was mailed to the mortgagor and also to the defendant, First National Bank of Reynolds. This notice, among other things, stated that there was due upon the mortgage the sum of $8,498.41, and that unless this sum were paid within thirty days proceedings would be commenced to foreclose the mortgage. The defendant Wester had transferred to the First National Bank, by deed dated November, 1920, the premises covered by the mortgage, such transfer securing an indebtedness of $7,200 at 9 per cent interest. On or about December 14, 1921, and within thirty days subsequent to the mailing of the notice of intention to foreclose, the defendant First National Bank tendered to the plaintiff the sum of $927.20 covering the amount of interest in default together with interest thereon. This tender has been kept good. Foreclosure proceedings by advertisement were commenced and enjoined, whereupon the present foreclosure action was brought in which judgment was rendered for the plaintiff. This is an appeal from the judgment.

The principal if not the sole question for determination on this appeal is the legal effect of the tender. Chapter 131 of the Laws of 1919 provides:

"Sec. 1. Any action or proceeding which shall be commenced to foreclose a mortgage on real property shall be void unless a written notice describing the land, the date and amount of the mortgage, the sum due for principal, interest and taxes, and stating that if the same be not paid within thirty days from the date of the notice, proceedings will be commenced to foreclose the mortgage, shall have been served more than thirty days prior to the commencement of such action or proceeding by registered mail addressed to the title owner of record at his or their last-known postoffice address. An affidavit of proof of such service of notice shall be filed with the clerk of the court at the time of filing complaint in any action for foreclosure and shall be filed and recorded with the notice and certificate of sale in all other cases."

The above section was in force when the mortgage in question was

executed and the notice thereby required was served. Chapter 66 of the Laws of 1921 amends the above act by continuing the requirement of notice in substantially the same language as quoted above and adding the following proviso:

"Provided, however, that if said owner shall, before the expiration of thirty days from the service of such notice, perform the conditions or comply with the provisions upon which the default shall have occurred, such mortgage shall be reinstated and shall remain in full force and effect the same as if no default had occurred therein."

The mortgage in question was executed subsequent to the Act of 1919 and prior to the amendment of 1921. It seems to be conceded that the proviso of the 1921 Act cannot be applied to pre-existing mortgages so as to give an original right to cure a default within the thirty-day period, for the reason that, so applied, it would result in impairing the obligations of contracts contrary to the Federal Constitution. E. J. Lander & Co. v. Deemy, 46 N. D. 273, 176 N. W. 922. But it is the contention of the appellant that the provision of the 1921 Act for curing a default does not impair any valid contract obligation in a mortgage which is subject to chapter 131 of the Sessions Laws of 1919; for it is argued that the 1919 Act, when properly construed, was sufficient in itself to prevent foreclosure if the default were cured within the thirty days, and that the 1921 Act goes no further than this. It is said that, under the 1919 law, the holder could take no steps to enforce the terms of the mortgage until the provisions of that law had been fully complied with; that is, until the thirty-day period had fully run, no steps whatever could be taken to foreclose. Then it is argued that the declaring of the whole sum due under an acceleration clause, being a necessary step in the foreclosure must be a conditional act during the thirty-day period. Hence, the argument runs, during this period the default might be cured. In other words, as no step in the foreclosure can be taken until the thirty days have expired, and as the declaration that the whole amount is due is a step in the foreclosure, it is argued that the mortgagor can cure the default at any time before the foreclosure is actually instituted. From these premises the appellant draws the logical conclusion that the proviso added to the statute in 1921, which expressly permits the curing of the default and the reinstating

of the mortgage, in reality adds nothing to the statute but serves only to make clear and explicit that which was before necessarily implied.

It will be seen that these arguments are predicated wholly on the proposition that the option to declare the whole sum due upon default in the payment of interest is nothing more nor less than a step in the foreclosure. This view, in our opinion, is too restricted. The option, as we view it, is a valuable right secured by contract which gives to the creditor the privilege of seeking redress reaching the entire amount of the indebtedness whenever a default occurs. Foreclosure of the mortgage is only one remedy looking toward the recovery of the indebtedness and it may or may not be adequate. The appellant seems to regard the acceleration clause as being in the nature of a penalty or as involving a forfeiture. Such is not the accepted view. Acceleration clauses are enforceable in equity as well as at law. Pomeroy, in his work on Equity & Jurisprudence (1 Pom., 4th ed. § 439), says:

"The third instance of what is not a penalty is that of a contract, not that the amount of a debt should be increased, but that in a specified event the time for the payment of a certain sum due shall be accelerated. It is therefore settled by the overwhelming weight of authority that if a certain sum is due and secured by a bond, or bond and mortgage, or other form of obligation, and is made payable at some future day specified, with interest thereon made payable during the interval at fixed times, annually, or semi-annually, or monthly, and a further stipulation provides that in case default should occur in the prompt payment of any such portion of interest at the time agreed upon, then the entire principal sum of the debt should at once become payable, and payment thereof could be enforced by the creditor, such a stipulation is not in the nature of a penalty, but will be sustained in equity as well as at law. In exactly the same manner, if a certain sum is due and is secured by any form of instrument, and is made payable in specified installments, with interest at fixed successive days in the future, and a further stipulation provides that in case of a default in the prompt payment of any such installment in whole or in part at the time prescribed therefor, then the whole principal sum of the debt should at once become payable, and payment thereof could be enforced by the creditor, such stipulation has nothing in common with a penalty, and is as valid and operative in equity as at the law."

To the same effect is 2 Jones, Mortg., 7th ed. §§ 1181 and 1182. The latter authority, in § 1182, says that a mortgage due by the election of a mortgagee is as fully matured as one due by expiration of the time limit fixed in the mortgage,—citing Bartlett Estate Co. v. Fairhaven Land Co. 49 Wash. 58, 15 L.R.A.(N.S.) 590, 126 Am. St. Rep. 856, 94 Pac. 900. It is also established that notes containing similar acceleration clauses, upon the exercising of the option, are due not merely for purposes of foreclosure but for all purposes. Wheeler & W. Mfg. Co. v. Howard (C. C.) 28 Fed. 741; Detweiler v. Breckenkamp, 83 Mo. 45; Bergman v. Fortescue, 74 N. J. Eq. 266, 69 Atl. 474.

It is equally well established that the option to declare the whole amount due is effectively exercised by manifesting the fact in such a manner as to apprise the mortgagor. 2 Jones on Mortgages § 1182, expresses the rule as follows:

"Where the mortgagee has the option to consider the entire debt matured on any default, it is not necessary that any particular form of expression should be used for the purpose of declaring such option. A recital in a mortgagee's deed, under a power of sale in the mortgage, that 'having elected to declare said mortgage due and payable, as by said mortgage he was authorized to do, according to the terms and conditions thereof, he had proceeded to exercise the power,' is sufficient. It is only necessary that the mortgagee show an unmistakable intention to exercise the option, and this may be done by taking steps for foreclosure, filing foreclosure suit, sale pursuant to the mortgage, or advertisement of the property for sale pursuant to the terms of the mortgage. But there must be some outward act beyond a mere mental determination or a direction to his own agents that he has manifested an election."

See also Hodgdon v. Davis, 6 Dak. 21, 50 N. W. 478; 19 R. C. L. 497, 498.

In the instant case there was an affirmative declaration in writing served upon the mortgagor. When this declaration was communicated to the mortgagor, the entire indebtedness matured by virtue of the acceleration clause, unless chapter 131 of the Laws of 1919 operates to change the effect of such a clause. It will be seen that this statute deals with nothing except the subject of notices before foreclosure. Its title is so restricted. It does not purport to alter in any way the creditor's right to enforce the obligation according to the contract in an action at

law. If the creditor remains in a position to collect the entire indebtedness in an action at law, clearly it is because such amount is legally due. The statute, indeed, seems to presuppose that acceleration clauses shall continue to operate as in the past, for it requires the notice to state the "sum due" for principal, interest and taxes, and that if the same be not paid within thirty days, proceedings will be commenced, etc. There is no criterion laid down to determine the "sum due," so obviously it must be determined by the terms of the contract the parties have made. If such be not the proper construction of the statute, we would have the anomalous situation existing of a debt due for the purpose of an action at law to recover it and yet have the remedy of foreclosure barred because the mortgage given to secure the same debt is not in default. The construction contended for involves a reversal of the ordinary legal conception of the relation between an indebtedness and a mortgage given as security therefor,—the debt being the principal or primary thing and the mortgage an incident. A court should be reluctant to read into a statute of this character an implication which would credit the legislature with intending to permit a judgment to be obtained in a personal action, and the judgment collected, while a mortgage given to secure the same debt would be deemed not in default. We are of the opinion that any election which would be sufficient to enable a creditor to sue in an action at law for a money judgment would suffice to make the same "sum due" for the purpose of foreclosure. From this it follows that the tender in this case was insufficient to cure the default existing at the time it was made and that the judgment appealed from is correct.

It is affirmed.

BRONSON, Ch. J., and JOHNSON, BIRDZELL, NUESSLE, and CHRISTIANSON, JJ., concur.