ADAMS & FREESE CO. v. SAMUEL F. KENOYER, AND SARAH E. KENOYER, HIS WIFE.

Opinion filed April 2, 1908.

**Limitation of Action — Change of Law — Effect on Existing Causes of Action.**

1. The legislature may by amendment shorten the statutory period for the commencement of actions, and make such amendment applicable to existing causes of action, provided a reasonable time is fixed for the commencement of suits on such existing causes of action.

**Same — Statute Presumed Prospective, not Retrospective.**

2. Statutes are presumed to be prospective, and not retrospective, in their operation, in the absence of a clear legislative intent to the contrary.

**Same — Foreclosure of Mortgages.**

3. Chapter 5, page 9, Laws 1905, which excepts from the operation of the former statute, providing that absence or nonresidence from the state shall suspend the running of the statute, all actions and proceedings for the foreclosure of mortgages on real property, is construed, and *held* not to apply to existing causes of action for the foreclosure of mortgages which accrued prior to the passage of such amendatory statute, for the reasons, first, that no time was fixed by the legislature for the commencement of such foreclosure proceedings after the taking effect of such statute; and second, that if the time between the passage and approval of the act (March 10th) and its taking effect (July 1st) was intended to be the time fixed for such purpose, the same is manifestly unreasonable.

**Same.**

4. The defense that plaintiff's cause of action is barred by the statute of limitations is accordingly overruled.

Appeal from District Court, Sargent County, *Allen,* J.

Mortgage foreclosure by Adams & Freese Company against Samuel F. Kenoyer and others. Judgment for defendants, and plaintiff appeals.

Reversed, and judgment directed for plaintiff.

*Rourke, Kvello & Adams,* for appellant.

Legislature may shorten the period within which actions may be brought, provided reasonable time is fixed within which actions about to be barred might be commenced. Osborn v. Lindstrom, 9 N. D. 1, 81 N. W. 72, 46 L. R. A. 715; Merchants National Bank of Bismarck, N. D. v. Braithwaite, 7 N. D. 358, 75 N. W. 244.

Statutes have no retrospective operation except where the legislative intent to make it so is clear. Wood on Limitation of Actions, page 30, section 12; State v. Switzler, 65 A. S. R. 653; Lawrence v. Louisville, 49 A. S. R. 309; Link's Appeal from Probate, 14 A. S. R. 94; Walker v. Bergess, 67 A. S. R. 775.

This includes statutes of limitations. Bruce v. Schuyler, 46 A. D. 447; Vaughan v. E. Tenn. Coal Co., Fed. Cases, 16, 898; Sohn v. Waterson, 84 U. S. 596, 21 L. Ed. 737.

*Chas. S. Ego* and *T. A. Curtis,* for respondent.

Statute of limitations apply to past and future causes of action, provided a reasonable time is allowed to bring action, the causes of which already exist. Osborn v. Lindstrom, 9 N. D. 1, 81 N. W. 72, 46 L. R. A. 715, 81 Am. St. Rep. 516; Merchants National Bank of Bismarck, N. D., v. Braithwaite, 7 N. D. 358, 75 N. W. 244, 66 Am. St. Rep. 653.

FISK, J. This action is here for trial de novo. The facts are stipulated, and in substance are as follows: On September 22, 1887, respondents executed and delivered to one Rush S. Adams their promissory note for the sum of $600, due November 1, 1892, with interest at eight per cent until maturity, and twelve per cent thereafter, the interest to accrue thereon being represented by five coupon notes of $48 each, maturing on November 1st of each year thereafter until paid. On the same day, and to secure said notes, they executed and delivered a mortgage with the usual covenants upon the northwest quarter, section 10, township 129, range 57, in Sargent county, this state, which notes and mortgage were thereafter assigned to appellant, the present owner thereof. That respondents now are, and ever since the execution of said mortgage, have been the owners of the real property aforesaid. That no part of such indebtedness has been paid, except the two coupon notes,

which matured on November 1, 1888, and 1889, respectively. That at the date of the execution of said notes and mortgage respondents resided in Sargent county aforesaid, but that on or prior to November 1, 1894, they removed from this state to the state of Missouri, where they have ever since resided, and have been absent from this state during all times since leaving as aforesaid. That no proceedings at law or otherwise have been had to recover said sum, and that plaintiff's attorneys are duly authorized by a written power of attorney to foreclose such mortgage. The sole defense interposed is that plaintiff's cause of action was and is barred by the statute of limitations. The trial court rendered judgment in defendant's favor dismissing the action, and adjudging plaintiff's mortgage void, and also quieting defendants' title as against such incumbrance, to reverse which this appeal was taken.

It was the theory of the trial court, and it is respondent's contention in this court, that by operation of chapter 5, page 9, Laws 1905, plaintiff's cause of action became barred on July 1, 1905, being several months prior to the date the action was commenced. Chapter 5, page 9, aforesaid, was passed March 10, 1905, and not containing an emergency clause, it took effect on July 1st of that year. If this statute is held to apply to plaintiff's cause of action and is constitutional, then the judgment below was correct, otherwise not. Prior to the amendment embraced in such statute plaintiff's cause of action would not have become barred during the defendant's absence from the state. Mortgage Co. v. Thresher Co., 14 N. D. 147, 103 N. W. 915, Mortgage Co. v. Flemington, 14 N. D. 181, 103 N. W. 929, and Paine v. Dodds, 14 N. D. 181, 103, N. W. 929; and Paine v. Dodds, 14 N. D. 189, 103 N. W. 931, 116 Am. St. Rep. 674. But by this amendment proceedings to foreclose real estate mortgages by action or otherwise were excepted from the provisions of the statute (Rev. Codes 1905, section 6796), which, in effect, provides for a suspension of the running of the statute during the debtor's absence from the state. It is plain, therefore, that at no time prior to July 1, 1905, was plaintiff's cause of action barred under the law, but on that day it became, and at all times since has been, barred by force of this amendment, provided, as before stated, that such amendment is held to apply to such cause of action, and provided, further, that the said statute is constitutional when thus construed. The case of Osborne v. Lindstrom, 9 N. D. 1, 81 N. W. 72, 46 L. R. A. 715, 81

Am. St. Rep. 516, is relied upon in support of the decision below. It was there held, after disapproving a contrary rule announced in the earlier case of Bank v. Braithwaite, 7 N. D. 358, 75 N. W. 244, 66 Am. St. Rep. 653, that in order that the amendatory statute may apply to existing causes of action the legislature must fix a reasonable time in which actions may be brought thereon after such new statute is passed. The court, in speaking of the Braithwaite decision, said: "We used language in that case, however, which, while not necessary to the decision of the case, needs qualification, and some that needs disapproval. We said: 'While it is usual for the new limitation law, which cuts down the period within which certain actions may be brought, to provide, in terms, that all suitors whose causes of action have accrued before the change was made should have, in any event, a specified time in which to sue, yet we do not think that this provision is essential to the validity of such a statutory change, when applied to existing causes of action, provided the time actually left in which to sue is not unreasonable.' We shall hold in this case that the legislature need not fix an exact time, provided the time they do fix must, in any event, be a reasonable time; but, so far as the language used in the Braithwaite case imports that the legislature need not fix any time, we thing it misstates the law, and we do not wish to remain committed to it. Again, it is stated in the syllabi of that case * * * that, in the absence of a legislative provision fixing a time within which actions may be brought on existing causes of action, 'the court will determine in each case whether, after the new law took effect, the suitor still had a reasonable time, under such new law, in which to commence his action.' That language was wholly unnecessary in the case, and does not meet our approval. When the legislature, in fixing such time, makes it so short that the right to sue is practically denied, courts will declare such time unreasonable, and refuse to enforce the law. But courts cannot go further and fix the time different from that fixed by the legislature within which suit may be brought. And if the legislature has failed to fix any time, the courts cannot, in a given case, supply this legislative lapse. The fixing of the time within which to bring suit, under such circumstances, is purely a legislative function. It is not within the power of the judiciary. We take this earliest opportunity to correct the errors that inadvertently found their way into the Braithwaite case." In so far as the Osborne case holds that the legislature and not the

courts must fix the reasonable time in which suits upon existing causes of action may be brought in order to make the amendatory statute applicable to such causes of action, it undoubtedly is sound, and the contrary doctrine laid down in Bank v. Braithwaite, supra, was correctly repudiated.

The authorities are practically unanimous to the effect that, while the legislature may shorten the statutory period in which suits, including those on existing causes of action, may be commenced, it must as to such existing causes of action fix a reasonable time for the bringing of such suits thereon before the bar of such statute becomes effective, for otherwise the creditor would be deprived of his property rights in such causes of action without due process of law. As said by the Court of Appeals of New York in Gilbert v. Ackerman, 159 N. Y. 118, 53 N. E. 753, 45 L. R. A. 118: "There is no question as to the power of the legislature to pass or to shorten statutes of limitation. * * * The only restriction upon the legislature in the enactment of statutes of limitation is that a reasonable time be allowed for suits upon causes of action theretofore existing. Rexford v. Knight, 11 N. Y. 308; People v. Turner, 117 N. Y. 227, 22 N. E. 1022, 15 Am. St. Rep. 498. The question of reasonableness naturally and primarily is with the legislature, and when the question is brought before the court the surrounding circumstances are regarded in determining whether the legislature, in prescribing a period of limitation, has erred to the prejudice of substantial rights. The right possessed by a person of enforcing his claim against another is property; and if a statute of limitations, acting upon that right, deprives the claimant of a reasonable time within which suit may be brought, it violates the constitutional provision that no person shall be deprived of property without due process of law." See Clark v. Beck, 14 N. D. 287, 103 N. W. 755; also the recent case of Hathaway v. Merchants' Trust Co., 218 Ill. 580, 75 N. E. 1060; 19 Am. & Eng. Enc. Law, 174, and cases cited; 6 Current Law, 466. Such is the almost universally recognized doctrine, the principle being so firmly settled that we deem further citation of authorities unnecessary.

This court in the Osborne case held that, while the legislature which passed the amendatory act there in question did not fix a reasonable time or any time in which suits might be brought upon existing causes of action, the act nevertheless applied thereto, for the reason, as stated by the court, that the preceding legislature in

enacting the law providing for a general revision of the code fixed such reasonable time by the necessary operation of such law. This court in that case also squarely held that the time between the passage of such amendatory statute and the time of its taking effect will be considered in determining whether a reasonable time is given for the bringing of suits on such existing causes of action, and they expressly refer to and repudiate the doctrine announced by the Court of Appeals of New York to the contrary. The writer of this opinion is firmly convinced both of the palpable fallacy and injustice of the rule thus announced in the Osborne case and of the eminently correct and just doctrine enunciated by the New York court. The practical effect of holding that the creditor must take notice of the amendment and bring his suit before the statute takes effect as a law is to deprive him of his property rights altogether; for it is a matter of general knowledge of which we must take judicial notice that during the greater portion of the time, if not the entire time, between the passage of a law in this state and July 1st thereafter, at which date the law takes effect, in the absence of an emergency clause or the designation of another date, there is no method by which the citizen can acquaint himself with the official contents of such statute except by an examination of the original in the office of the secretary of state, as there is no law requiring the publication of new statutes except in bound volumes, which usually takes until after July 1st following their enactment in which to publish them. Regardless of what courts may have held on this point in other states, the writer firmly believes that no such harsh rules should be longer sanctioned in this jurisdiction.

We are not required in this case, however, to either affirm or reverse the Osborne Case on this point, as we do not consider said point at all decisive of this appeal, or necessarily involved, and therefore the majority of the members of the court express no opinion thereon either way. We are agreed that the amendatory statute cannot be held to apply to existing causes of action for two reasons: First, in the enactment of said statute the legislature fixed no time for the bringing of suits on such causes of action; and, second, conceding that it intended to and did fix such time, that the time thus fixed, was, as a matter of law, unreasonable.

The statute in question amended and re-enacted section 5210, Revised Codes 1899, which in substance prescribed that the running of the statute against bringing suits on all causes of action should

be suspended during the absence or nonresidence of the defendant from the state. The amendment added a proviso as follows: "Provided, however, that the provisions of this section shall not apply to the foreclosure of real estate mortgages by action or otherwise."

No mention is made of existing causes of action, and there is nothing in the law indicating a legislative intent to make such exception applicable thereto. It is perfectly apparent that no time for bringing suits on existing causes of action was fixed by such amendment. That this was necessary in order that it should apply to such causes of action is correctly settled in Osborne v. Lindstrom and Clark v. Beck, supra, as well as by the overwhelming weight of authority elsewhere. It is also equally well settled that such an amendment in the absence of a clear legislative intent to the contrary is presumed to be prospective, and not retrospective, in its operation. In Hathaway v. Merchants' Trust Co., supra, the supreme court of Illinois very recently said: "While it is undoubtedly within the power of the legislature to pass a statute of limitations, or to change the period of limitations previously fixed, and to make such statute or changes applicable to existing causes of action, yet such a statute is not to be readily construed as having a retroactive effect, but is generally deemed to apply merely to causes of action arising subsequent to its enactment, and the presumption is against any intent on the part of the legislature to make the statute retroactive. 19 Am. & Eng. Enc. Law, 174; Robertson v. Wheeler, 162 Ill. 566, 44 N. E. 870; Spaulding v. White, 173 Ill. 127, 50 N. E. 224. The statute will only be given a retroactive effect, when it was clearly the intention of the legislature that it should so operate. Fisher v. Green, 142 Ill. 80, 31 N. E. 172. And even where this intention clearly appears, it will not be given effect, if to do so would render it unreasonable or unjust. * * * The presumption is that the legislature did not intend this law to be retroactive unless the contrary clearly appears. There is nothing in the amendment to indicate such an intention on the part of the legislature. Therefore the presumption must prevail that it was not to be retroactive. The plaintiffs in error contend that there was about eight months after the act was approved and six months and thirteen days after it took effect, within which the defendant in error could have filed its claim, this was a reasonable time, and that the new limitation should prevail. The act must be applied generally to all claims and to all estates. A single claim or a single

estate cannot be pointed out in which the act applies, and then say it does not apply to any other claim or to any other estate.''

But conceding that the legislature in enacting the statute intended to make it retroactive as well as prospective in its operation, and also intended to and did fix the time between its enactment and the date of its taking effect, July 1st, for the institution of proceedings on existing mortgages, still the time thus fixed was, as a matter of law, unreasonable, and hence the statute cannot be held to apply to foreclosure proceedings under mortgages which had matured prior to the enactment thereof. The time between these dates was but three months and twenty-one days. In that short space of time it would be almost an utter impossibility, even if they, in fact, acquired knowledge of such law on the day it was enacted, for all persons, including residents and nonresidents, owning real estate mortgages on property in this state under which causes of action had accrued, to cause foreclosure proceedings to be instituted on all such mortgages. In considering the validity of such statute when applied to existing causes of action, it is both just and reasonable to assume, what we all know to be true as a matter of common knowledge, that a large per cent of such persons, especially nonresidents of the state, would not, in that short period of time, acquire knowledge that such a vitally important statute to them had been enacted. One of the objects of the constitutional provision providing that no law shall take effect before July 1st, except in case of an emergency, no doubt was to give the people an opportunity during the intervening time between the date of the passage of the statute and July 1st thereafter to become acquainted with the provisions of such law; yet under the rule contended for the citizen as well as the nonresident is bound at his peril, not only to acquire knowledge of the statute, but to act in contemplation of the same before the taking effect thereof. These considerations have induced us to hold as above indicated. Having reached this conclusion, it becomes unnecessary to notice the other questions discussed in the briefs.

The judgment is reversed, and the district court directed to enter judgment in plaintiff's favor for the relief to which it is entitled under the facts stipulated and the views above expressed. All concur.