[File No. 6491.]

METROPOLITAN BUILDING & LOAN ASSOCIATION, a Corporation, Respondent, v. E. W. WEINBERGER et al.,
and
E. W. WEINBERGER and Jewel Weinberger, Appellants.

(275 N. W. 638.)

Opinion filed October 23, 1937. Rehearing denied November 9, 1937.

*Jacobsen & Murray,* for appellants.
*Nilles, Oehlert & Nilles,* for respondent.

MORRIS, J. This is an action to foreclose a real estate mortgage given by the appellants to the respondent covering two lots in the city of Mott, North Dakota, to secure a loan of $4000.00, with interest at the rate of 8 per cent per annum, payable in monthly installments of $50.00 each for 129 consecutive months beginning January 1, 1930. The mortgagors covenanted to pay taxes and insurance on the premises. The mortgage contains a provision that if the mortgagors fail to pay taxes, procure and pay for insurance, or pay the mortgage indebtedness at the several times the same becomes due and payable, the mortgagee has the right, without notice, to declare the entire amount of the indebtedness due and payable and to foreclose the mortgage and sell the premises. The trial court found that the defendants are in default in the following particulars:

"(a) Said defendants have failed, neglected and refused to pay the installments of $50.00 due on the first day of January 1933, and have failed, neglected and refused to pay since that time the installments falling due on the first of each and every month thereafter;

"(b) Said defendants have failed, neglected and refused to pay the fire insurance premiums falling due in amounts of $114.40 of date

March 2nd, 1932; in the sum of $84.00 of date January 25th, 1933; in the sum of $84.04 of date December 13, 1933; and in the sum of $61.09 and the sum of $66.96 of date January 12th, 1935; and that plaintiff under said mortgage paid the same;

"(c) Said defendants have failed, neglected and refused to pay the general real estate taxes on the premises for the years 1931, 1932, 1933, and 1934."

These findings are not questioned by the appellants. The notice before foreclosure listed the principal, accrued interest, and insurance premiums as due. The complaint contains the following:

"That by virtue of said defaults, the Plaintiff has heretofore and does hereby elect to declare the entire amount secured by said mortgage as immediately due and payable."

Judgment for the full amount and directing foreclosure and sale was entered on September 12, 1936. After entry of judgment the appellants moved that the judgment be modified by providing for a dismissal of the action upon payment of the portion of the debt "now in default." The motion was denied by the trial court. This appeal is from the order denying the motion and from the judgment.

The appellants contend that all of the installments are not due, and that they are entitled to a stay of proceedings upon payment, by them, of the specific installments that have become due, together with interest thereon under the provisions of § 8110, Compiled Laws of 1913, which reads as follows: "If at any time after judgment and before sale, the defendant shall bring into court the principal and interest due with costs, the proceedings in such action shall be stayed; but the court may enforce the judgment by a further order upon a subsequent default in the payment of any of the installments or any part thereof, or of any interest thereafter becoming due on such mortgage."

The respondent contends that by virtue of its election to declare the entire debt due and payable in accordance with the acceleration clause in the mortgage that the entire debt is now due and no longer payable in installments, and that therefore § 8110 does not apply.

The mortgage in question constitutes a contract, one of the important terms of which gives to the mortgagee the right to declare the whole indebtedness due in event that certain defaults occur. This right to

accelerate is one of the valuable rights established between the parties by contract. State Bank v. First Nat. Bank, 49 N. D. 611, 192 N. W. 967; Brewer v. Forsberg, 53 N. D. 262, 205 N. W. 686. The right of acceleration may be enforced by the mortgagee upon default of the mortgagors unless such default was the result of some unconscionable or inequitable conduct of the mortgagee, or unless the right to enforce it is prohibited or diminished by an applicable statute. Federal Land Bank v. Wilmarth, 218 Iowa, 339, 252 N. W. 507, 94 A.L.R. 1338; Graf v. Hope Bldg. Corp. 254 N. Y. 1, 171 N. E. 884, 70 A.L.R. 984, and note; Wiltsie, Mortg. Foreclosure, 4th ed. § 71. It is not contended that there has been any conduct on the part of the mortgagee which entitled the mortgagors to relief in a court of equity. The record before us indicates no equitable reason for relieving the mortgagors from a portion of their contract. They have made no monthly payments since January 1, 1933, and have, in the meantime, permitted taxes and insurance premiums to accumulate. They, therefore, rely wholly upon the statute.

When the mortgagee instituted foreclosure proceedings, it specifically invoked the acceleration clause in the mortgage and exercised its option to declare the whole sum secured thereby to be due and payable. The acceleration of the maturity of the debt is based not only upon the failure to pay installments, but also the failure to pay taxes and insurance premiums. Section 8110, supra, is wholly silent as to defaults other than those resulting from failure to pay principal and interest. The failure to pay taxes or keep premises insured may be even more prejudicial to the ultimate collection of the debt than failure to pay installments.

The exercise of the right to accelerate matured the debt in accordance with the terms of the mortgage. Thus the debt became due in its entirety and the mortgage was wholly in default. It was no longer payable in installments. Section 8110, supra, cannot apply in this case because at the time of entry of judgment there were no installments thereafter becoming due on the mortgage. It applies only to the foreclosure of mortgages upon which some portion of the secured debt is not yet due and does not apply to mortgages upon which the whole debt has matured, whether such maturity has been brought about by the ex-

ercise of an option to accelerate maturity because of default of the mortgagors, or by other provisions in the mortgage.

The order and judgment appealed from are affirmed.

CHRISTIANSON, Ch. J. and BURR and NUESSLE, JJ., concur.