**NORWEST BANK NORTH DAKOTA, N.A., f/k/a Norwest Bank Jamestown, N.A., Plaintiff and Appellee,**

v.

**Gerald FREDERICK, Defendant and Appellant,**

**and**

**any persons in possession, Defendants.**

**Civ. No. 890148.**

Supreme Court of North Dakota.

March 1, 1990.

Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for defendant and appellant; argued by James R. Jungroth, Jamestown.

Conmy, Feste, Bossart, Hubbard & Corwin, Ltd., Fargo, for plaintiff and appellee; argued by Lauris N. Molbert, Fargo.

LEVINE, Justice.

Gerald Frederick (Frederick) appeals from a judgment granting foreclosure of a real estate mortgage held by Norwest Bank North Dakota (Norwest). We affirm.

Norwest brought a foreclosure action after Frederick defaulted on an $80,000 loan. In its notice before foreclosure, Norwest notified Frederick of its election to accelerate the entire debt. The notice also stated that, if he acted within thirty days, Frederick could "cure the defaults, decelerate the debt and reinstate the mortgage" by paying the amount immediately past due plus interest. Frederick made no payments within the 30-day period. However, at some point during the trial, Frederick proffered payment of the delinquent amount. Norwest refused payment, maintaining that the entire indebtedness had been accelerated and was due.

At trial, Frederick claimed that the promissory note and mortgage were ambiguous because the date of the last payment was incorrectly stated and that the notice before foreclosure was defective. He also argued that because he tendered $5,886.54, the immediately past due amount to Norwest, the foreclosure complaint should be dismissed.

The trial court rejected his arguments and held that Norwest was entitled to a judgment of foreclosure but in its memorandum opinion of October 21, 1988, it stayed entry of judgment until April 30, 1989, pursuant to NDCC § 28–29–05, based upon evidence that the land value was greater than the debt.

On appeal, the dispositive issues are:

I. Whether the note and mortgage were ambiguous because of the misstatement of the date of the final payment.

II. Whether the trial court erred as a matter of law in determining that Norwest's notice before foreclosure complied with section 32–19–21, NDCC.

III. Whether the trial court erred as a matter of law in not dismissing the action when Frederick tendered the delinquent amount after the 30–day period specified in the notice before foreclosure.

I.

■ Frederick argues that the note and mortgage were ambiguous because each provided for a term of twenty years, but the documents stated that the final payment was due on January 1, 2008, a period of nearly twenty-one years. At trial, however, Frederick acknowledged that the year of the final payment was simply a mistake. He conceded that if the documents were corrected to show January 1, 2007, as the final payment date, that amendment "would take care of the confusion." The documents were corrected and we deem his current argument to be without merit.

II.

■ Frederick attacks the notice before foreclosure as deficient in several respects. He argues that the notice failed to comply with NDCC § 32–19–21, which provides:

"The notice before foreclosure shall contain:

"1. A description of the real estate.

"2. The date and amount of the mortgage.

"3. The amount due for principal, interest, and taxes paid by the owner of the mortgage, stated separately.

"4. A statement that if the amount due is not paid within thirty days from the date of the mailing or service of the notice proceedings will be commenced to foreclose the mortgage."

Frederick complains that the notice misstates the amount due because of an alleged error in the calculation of interest, amounting to $45.30. He also argues that the notice erroneously states that Frederick must pay delinquent taxes although none were paid by Norwest. He does not dispute that the terms of the mortgage required him to pay taxes on the mortgaged property and that he was in default because he failed to do so. He argues, however, that because Norwest had not paid the taxes, the notice should not have stated that Frederick was required to pay delinquent taxes in order to cure the default. He argues that these errors render the notice before foreclosure legally inadequate.

Frederick had the burden of showing that the figures contained in the notice before foreclosure were incorrect. The trial court noted that Frederick did not refute the interest amount shown in the amortization schedule. It, therefore, concluded that the amount due as shown on the notice was correct. Absent evidence in the record to the contrary, we cannot say that the trial court's conclusion was erroneous.

Section 32–19–21 requires that taxes paid by the mortgagee be separately stated in the notice before foreclosure. Norwest's notice did not state a figure for the amount of taxes due because Norwest did not pay any taxes for Frederick, a fact conceded by Frederick. The statute clearly requires a statement of taxes paid by the mortgagee only when those taxes have been paid by the mortgagee. We conclude that the trial court did not err in approving the notice before foreclosure.

### III.

Frederick next argues that NDCC § 32–19–12 authorizes dismissal of the complaint if the defendant, at any time prior to the decree of sale, pays installments which have come due. In essence, his argument is that the statute precludes an attempt by the mortgagee to accelerate the whole debt.

Section 32–19–12 provides:

"Whenever an action shall be commenced for the foreclosure of a mortgage upon which there shall be due any interest, or any portion or installment of the principal, and there shall be other portions or installments to become due subsequently, the complaint shall be dismissed upon the defendant's bringing into court at any time before decree of sale the principal and interest due, with costs and disbursements."

Frederick invites this Court to overrule *Metropolitan Building & Loan Ass'n v. Weinberger*, 67 N.D. 627, 275 N.W. 638 (1937), in which we affirmed the right of a creditor to accelerate the maturity of indebtedness secured by a real estate mortgage. He relies on *State Bank of Kenmare v. Lindberg*, 436 N.W.2d 12 (N.D. 1989), for the proposition that a mortgagee cannot accelerate a debt in violation of statute, and he argues that *Lindberg* is, therefore, inconsistent with *Weinberger*. We disagree and, accordingly, we reaffirm our holding in *Weinberger*.

In *Lindberg*, we reversed a foreclosure judgment because the notice before foreclosure did not allow the mortgagor to cure the default within 30 days, as required by NDCC § 32–19–28. In that case, the notice before foreclosure improperly stated that the entire accelerated debt had to be paid within 30 days. We held that a mortgagee may not accelerate the entire debt until 30 days after the notice before foreclosure and, that during the 30-day period, the mortgage may be reinstated by payment of the arrearage.

■ Here, by contrast, the notice before foreclosure correctly stated that payment of the delinquent amount alone, rather than the entire debt, if accomplished within 30 days, would cure the default. Thus, the notice before foreclosure comported with § 32–19–28, the cure-of-default statute. *Lindberg* is, therefore, inapposite.

Further, contrary to Frederick's assertion, nothing we did in *Lindberg* requires a reversal of *Weinberger's* holding, with regard to the right of acceleration.

Although *Weinberger* involved the precursor of current § 32–19–13, rather than § 32–19–12, we believe the *Weinberger* analysis is equally appropos here. In *Weinberger*, we reviewed the right of acceleration in light of § 8110, Compiled Laws of 1913, the predecessor of § 32–19–13. Section 8110, C.L.1913, read:

> "If at any time after judgment and before sale, the defendant shall bring into court the principal and interest due with costs, the proceedings in such action shall be stayed; but the court may enforce the judgment by a further order upon a subsequent default in the payment of any of the installments or any part thereof, or of any interest thereafter becoming due on such mortgage."

In *Weinberger*, we recognized that the mortgage was a contract which by its terms gave the mortgagee the right to declare the whole indebtedness due in the event of default. The mortgage between Frederick and Norwest establishes the same contractual right to accelerate indebtedness.

When Norwest instituted foreclosure proceedings against Frederick, it invoked the acceleration clause and declared the entire sum secured by the mortgage to be due and payable. As we stated in *Weinberger*, the exercise of the right to accelerate matured the debt and the debt became due in its entirety. Thus, the debt was no longer payable in installments. Therefore, § 32–19–12, which authorizes the payment of installments that are due, does not apply in this case where the mortgagee exercised its right under the mortgage to accelerate the entire indebtedness. After acceleration, there were no installments to become due. The section applies only to mortgages which have not been accelerated. It does not apply to a mortgage which provides the right to accelerate once that right is exercised.

Frederick has raised several other issues which do not affect our decision. Accordingly, we affirm the judgment of foreclosure.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.