**NORTH DAKOTA GUARANTEED STUDENT LOAN PROGRAM, Plaintiff and Appellee,**

v.

**Thomas VOIGT, Defendant and Appellant.**

**Civ. No. 930305.**

Supreme Court of North Dakota.

March 8, 1994.

Courtney McDonald Koebele (argued), Asst. Atty. Gen., Attorney General's Office, Bismarck, for plaintiff and appellee.

Richard R. LeMay (argued), Legal Assistance of ND, Minot, for defendant and appellant.

MESCHKE, Justice.

Thomas Voigt appealed from an order denying his motion to declare $100 garnished from his bank accounts exempt from process. We affirm.

In 1989 the North Dakota Guaranteed Student Loan Program [NDGSLP] obtained a default judgment against Voigt for $3,346.36. NDGSLP initiated a garnishment under NDCC Chapter 32–09.1 in December 1992, seizing $586.19 in Voigt's bank accounts at Western Cooperative Credit Union in Williston. On January 25, 1993, Voigt filed a claim for exemptions with the garnishee. In February 1993, NDGSLP returned to the garnishee for deposit in Voigt's accounts all but $100 of the money it had seized.

Voigt moved for an order declaring the remaining $100 exempt from process and requiring NDGSLP to return those funds to him. Voigt argued to the trial court that the $100 was exempt property under NDCC Chapter 32–09.1 and that NDGSLP's failure under NDCC 28–21–12 to serve him with a copy of the writ of execution served on the Credit Union rendered "the levy void." Voigt also argued in his brief in support of the motion:

> The Plaintiff's Garnishment Summons and Notice to Defendant does not include any language informing the Defendant of his due process rights afforded by the U.S. Constitution, North Dakota Constitution and by the North Dakota Century Code §§ 32–09.1–22 and 32–09.1–23. Specifically language alerting the Defendant that he

has only twenty days to file a schedule of exempt property.

\* \* \* \* \* \*

The Plaintiff's actions violate Thomas Voigt's due process rights provided by the Fourteenth Amendment of the United States Constitution and the North Dakota Constitution, Article I, §§ 9, 22 and 23. The trial court ruled that the claim for exemptions was untimely filed and denied Voigt's motion. *See* NDCC 32–09.1–22. The trial court did not address Voigt's other allegations. Voigt appealed from this order. Before Voigt submitted his appellate brief to this court, NDGSLP returned the remaining $100 to him.

 NDGSLP argues that its return of the $100 to Voigt renders his appeal moot because there is no longer a justiciable controversy. Voigt asserts that the appeal is not moot because it is in the "public interest" to stop NDGSLP's use of "deceitful" collection practices. Voigt's only argument on appeal is that NDCC Chapter 32–09.1 violates the due process clauses of the federal and state constitutions by allowing judgment creditors to seize a debtor's property without providing notice of the debtor's rights to file a claim of exemptions or to have a hearing regarding those exemptions. *See Friedt v. Moseanko,* 498 N.W.2d 129, 134–135 (N.D. 1993). NDGSLP responds that the statutory scheme satisfies due process and that, in any event, for "public policy reasons," it now gives notice to debtors of the right to claim exemptions and the right to a hearing.

It is unnecessary to decide whether Voigt's appeal is moot under these circumstances, because even if the appeal is not moot, the constitutional question was inadequately raised below to preserve it for our review.

 One of the pre-conditions for raising a question on appeal is that it was adequately raised in the lower court. *Williams County Social Services Bd. v. Falcon,* 367 N.W.2d 170, 176 (N.D.1985). A question not adequately developed and presented to the trial court is not properly before us for review. *In Interest of A.G.,* 506 N.W.2d 402, 403 (N.D.1993). This constraint applies with particular force to a constitutional contention.

*Gange v. Clerk of Burleigh County District Court,* 429 N.W.2d 429, 432 n. 3 (N.D.1988). We avoid deciding a question not adequately explored in the trial court.

 Absent authority and a reasoned analysis to support it, the mere assertion of unconstitutionality is insufficient to adequately raise a constitutional question. For examples, *see, Anderson v. Richland County Water Resource Bd.,* 506 N.W.2d 362, 368 (N.D. 1993); *Lund v. North Dakota State Highway Dept.,* 403 N.W.2d 25, 29 n. 6 (N.D.1987); *State v. Patzer,* 382 N.W.2d 631, 639 n. 5 (N.D.1986). Voigt cited to constitutional provisions, but gave the trial court no supporting authority or analysis. This was insufficient to adequately raise Voigt's constitutional claim in the trial court, and precludes him from presenting the question here. *See Swenson v. Northern Crop Ins., Inc.,* 498 N.W.2d 174, 178 (N.D.1993). Voigt's contention was not adequately made below.

Accordingly, we affirm the trial court's order.

VANDE WALLE, C.J., and SANDSTROM, NEUMANN and LEVINE, JJ., concur.