**RESOLUTION TRUST CORPORATION, as Receiver for Midwest Federal Savings Bank of Minot, Plaintiff and Appellee,**

v.

**John J. GOSBEE, Defendant and Appellant.**

**Civ. No. 940264.**

Supreme Court of North Dakota.

Aug. 31, 1995.

John J. Petrik (argued), Pringle & Herig-stad, P.C., Minot, for plaintiff and appellee.

John J. Gosbee, Mandan, pro se.

NEUMANN, Justice.

John Gosbee appeals from a summary judgment foreclosing a mortgage held by Resolution Trust Corporation (RTC) on his

property and dismissing without prejudice Gosbee's counterclaim against RTC pending exhaustion of administrative remedies. We affirm.

In December 1982, Midwest Federal Savings and Loan Association of Minot loaned Gosbee $45,500. Gosbee executed a promissory note and gave the bank a mortgage on his Morton County property to secure the debt. When the bank failed in 1990, the RTC was appointed its receiver.

In 1993, the amount due each month under the note and mortgage was approximately $507. Gosbee made the January 1, 1993 payment. In March 1993, after Gosbee failed to make the February and March payments, the servicer for RTC sent Gosbee a letter stating he was $1,054.65 in arrears. Two months later, on May 4, 1993, Gosbee tendered a $1,014 check to the servicer for the February and March payments. The servicer rejected the check, stating the amount now due was $2,083.98. Gosbee made no further attempt to bring the payments current. RTC then commenced this foreclosure action and moved for summary judgment. The trial court granted the motion, and Gosbee appealed.

Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the party opposing the motion, there are no genuine issues of material fact or conflicting inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. *Roen Land Trust v. Frederick,* 530 N.W.2d 355, 357 (N.D.1995). Under N.D.R.Civ.P. 56, if the movant meets its initial burden of showing the absence of a genuine issue of material fact, the party opposing the motion may not rest on mere allegations or denials in the pleadings, but must present competent admissible evidence by affidavit or other comparable means to show the existence of a genuine issue of material fact. *Hummel v. Mid Dakota Clinic, P.C.,* 526 N.W.2d 704, 707 (N.D.1995).

RTC presented an affidavit showing Gosbee defaulted under the terms of the note and mortgage and the amount he owed on the debt. Gosbee responded with an affidavit containing general allegations of factual disputes. Gosbee acknowledged receiving payment records and loan activities codes from RTC to assist in interpreting those records. Gosbee complained that he "still cannot determine what the charges are," and set forth some examples. He claimed "I do not know what the charges described ... are for and I do not believe I ever authorized their being made against my account." Gosbee further stated "I cannot tell for sure from the information provided" what RTC used in making the computations. RTC responded with another affidavit stating that it would be willing to concede an alleged $13 overcharge, plus four years' interest at 10% "in order to try and bring this matter to summary judgment." RTC also reduced the amount owed by $50 to resolve the issue.

Gosbee did not engage in discovery to get an explanation of the charges he questioned. Nor did Gosbee seek further time for discovery under N.D.R.Civ.P. 56(f). *See Hummel,* 526 N.W.2d at 708. Gosbee's allegations of misunderstanding and inability to decipher the charges are insufficient to raise a genuine issue of material fact. His attempt to create a factual issue by doing his own computations in his appellate brief and claiming "the judgment was inexplicably $275.54 higher than it should have been" comes too late. The trial court did not err in granting summary judgment on this issue.

Gosbee asserts that, by rejecting his attempted tender of $1,014 for two months of payments in May 1993, RTC forfeited any entitlement to that amount or, at the very least, RTC is not entitled to interest on the amount by which the principal balance would have been reduced if it had accepted the payment. Gosbee primarily relies on N.D.C.C. § 9–11–05, which provides "[i]f the performance of an obligation is prevented by the creditor, the debtor is entitled to all the benefits which he would have obtained if it had been performed by both parties." He also relies on N.D.C.C. § 32–03–04, which allows a person to recover interest on damages, "except for such time as the debtor is prevented by law or by the act of the creditor from paying the debt," and on N.D.C.C. § 9–11–04(1), which excuses the want of per-

formance of an obligation "[w]hen such performance or offer is prevented or delayed by the act of the creditor or by the operation of law, even though there may have been a stipulation that this may not be an excuse."

■ Gosbee did not tender the February and March 1993 payments to RTC until May 4, 1993. By that time, the April and May 1993 payments were also delinquent. The tendered payment did not bring the loan current. Gosbee therefore did not tender the performance of his obligation, but only tendered partial performance. While an obligation is extinguished by an offer of performance intended to extinguish the obligation, an "offer of partial performance ... is of no effect." N.D.C.C. § 9–12–08. Because Gosbee tendered only partial performance, he was not released from any obligation to pay interest on the debt. *See Kuhn v. Hamilton,* 138 N.W.2d 604 (N.D.1965). *Compare Swallow v. First State Bank,* 35 N.D. 608, 161 N.W. 207 (1917) (tender and deposit of full amount due on note secured by mortgages extinguished obligation); *Rose v. Hecht,* 94 Cal.App.2d 662, 211 P.2d 347 (1949) (assignees of lease were relieved of interest charges on rentals where landlord refused to accept timely tenders of correct installments of rent).

■ Gosbee asserts RTC violated N.D.C.C. § 32–19–21(3), which requires that a notice before foreclosure contain "[t]he amount due for principal, interest, and taxes paid by the owner of the mortgage, stated separately." Although the notice before foreclosure in this case listed separately the principal and interest due, an amount designated only as delinquent "escrow" was the third listed item. The mortgage required establishment of an escrow fund in which monthly payments of one-twelfth yearly taxes and yearly premium installments for hazard insurance were deposited. Because the delinquent escrow amount was not divided into a separate amount for insurance premiums and a separate amount for taxes, Gosbee asserts the notice before foreclosure is invalid. We disagree.

The statute requires a statement of taxes paid by the mortgagee only when those taxes actually have been paid by the mortgagee.

*Norwest Bank North Dakota v. Frederick,* 452 N.W.2d 316, 318 (N.D.1990). Under the type of escrow agreement in this case, the mortgagor is viewed as the payor of taxes and insurance. *See Dakota Bank and Trust v. Funfar,* 443 N.W.2d 289, 292 (N.D.1989). A statement of delinquent monthly escrow charges does not necessarily imply that the mortgagee has actually paid taxes through the use of its own funds. Indeed, Gosbee does not appear to assert that RTC has paid, through the use of its own funds, any amount for taxes on the property that would have been required to be listed on the notice before foreclosure. Gosbee has failed to raise an inference that the notice before foreclosure is invalid.

■ Gosbee asserts the trial court erred in granting summary judgment dismissal of his confiscatory price defense. *See* N.D.C.C. Chapter 28–29. Gosbee's affidavit did not address this defense. Instead, he relied only on his allegations in his answer:

"A material portion of the borrower's earnings derives from clients who are farmers or who are dependent on the agricultural economy. On information and belief, the price of farm products produced in this state does not exceed the cost of production."

Regardless of whether this defense is available to persons who are not engaged in farming, Gosbee's conclusory allegations are insufficient to raise a genuine issue of material fact on the confiscatory price defense. *See Gress v. Kocourek,* 427 N.W.2d 815, 817 (N.D.1988); *Federal Land Bank of Saint Paul v. Anderson,* 401 N.W.2d 709, 712 (N.D. 1987); *Federal Land Bank of St. Paul v. Bagge,* 394 N.W.2d 694, 696 (N.D.1986).

■ Gosbee asserts the trial court erred in granting summary judgment dismissal of his "irresistible superhuman cause" defense under N.D.C.C. § 9–11–04(2). Gosbee's affidavit did not address this defense, and he again relied on his pleadings which allege his failure to perform under the contract should be excused because of "temporary economic adversity." An irresistible superhuman cause is an act of God "which operates without any aid or interference from man." *Clay*

702

*County v. Simonsen,* 1 Dak. 403, 46 N.W. 592, 596 (1877). "Temporary economic adversity" is not an act of God amounting to an irresistible superhuman cause. *Cf.* 18 Williston on Contracts § 1932, at p. 10 (3rd ed. 1978) (Insolvency or inability to obtain necessary funds is an illustration of subjective impossibility which does not excuse nonperformance of a contract).

Gosbee asserts the trial court erred in denying his motion for default judgment on his counterclaim against RTC because RTC did not reply to the counterclaim within 20 days. However, RTC did file a reply to the counterclaim five days before the scheduled hearing on the motion for default judgment. The trial court did not abuse its discretion in allowing the late filing and denying the motion for default judgment. *See Farmers Elevator Co. of Horace v. Nagel,* 307 N.W.2d 580, 586 (N.D.1981). Furthermore, the trial court properly dismissed without prejudice Gosbee's counterclaim against the RTC pending exhaustion of administrative remedies under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821(d). *See, e.g., Bueford v. Resolution Trust Corp.,* 991 F.2d 481, 484 (8th Cir.1993). Because Gosbee's constitutional argument about the FIRREA was not adequately raised in the trial court, we do not address it. *See N.D. Guar. Student Loan Program v. Voigt,* 513 N.W.2d 64, 66 (N.D.1994).

Gosbee claims the trial court's order for summary judgment is insufficient because "no clue can be gleaned as to its reasoning." But the trial court succinctly stated its reason for granting RTC's summary judgment motion: "After review of all the files and records in this case and after reflection upon the arguments of counsel, I am left with the firm impression that there is a conspicuous absence of any material fact in dispute...."

We concur with the trial court's assessment of the case.

The summary judgment is affirmed.

VANDE WALLE, C.J., LEVINE and SANDSTROM, JJ., and WILLIAM W. McLEES, District Judge, concur.

WILLIAM W. McLEES, District Judge, sitting in place of MESCHKE, J., disqualified.