2001 ND 58

**Thomas K. OVERBOE, Plaintiff and Appellant,**

**v.**

**FARM CREDIT SERVICES OF FARGO, and Neal Sundet, Defendants and Appellees.**

No. 20000236.

Supreme Court of North Dakota.

March 20, 2001.

David A. Overboe, Fargo, ND, for plaintiff and appellant.

Roger J. Minch, Serkland Law Firm, Fargo, ND, for defendants and appellees.

MARING, Justice.

[¶ 1] Thomas K. Overboe appealed from a summary judgment dismissing his negligence and breach of contract action against Farm Credit Services of Fargo and Neal Sundet. We conclude the trial court did not err in ruling Overboe's claims are barred as a matter of law by the statute of limitations, and we affirm.

I

[¶ 2] Overboe farmed in Richland and Cass counties, and obtained operating loans and crop insurance from Farm Credit Services, through its loan officer and insurance agent, Sundet. According to Overboe, in 1991 Sundet agreed to obtain multi-peril crop insurance for Overboe's Richland and Cass County farmland, but Sundet obtained the insurance only for Overboe's Richland County property. In 1992, Overboe suffered crop damage in Cass County, resulting in a $9,024 loss.

[¶ 3] In 1993, Overboe again suffered crop damage and he received insurance and federal disaster payments for losses to his sunflower and corn crops. Under federal regulations, Overboe was then re-

quired to carry multi-peril crop insurance on both his sunflower and corn crops for the 1994 crop year. According to Overboe, Sundet agreed to provide multi-peril insurance on Overboe's sunflower and corn crops, but did not do so. On April 3, 1995, the Cass County Farm Service Agency informed Overboe he had to repay $19,619.71 in 1993 federal disaster payments he had received because he did not have multi-peril crop insurance on his 1994 sunflower crop. Overboe appealed the Farm Service Agency decision through federal administrative channels, and the agency decision was ultimately upheld in September 1996.

[¶ 4] Overboe commenced this action on April 23, 1997, alleging Sundet and Farm Credit Services were liable for damages for negligence and breach of contract arising from Sundet's failure to acquire for him appropriate multi-peril crop insurance during the 1992 and 1994 crop years. Overboe moved for summary judgment on his claims for negligence and breach of contract. The defendants brought a cross-motion for summary judgment, alleging Overboe's action was barred by the two-year statute of limitations contained in N.D.C.C. § 26.1–26–51(1). The trial court ruled the action was barred by the statute of limitations and dismissed Overboe's claims without reaching the merits of Overboe's motion for summary judgment. Overboe appealed.

## II

[¶ 5] Summary judgment under N.D.R.Civ.P. 56 is a procedural device for promptly disposing of a lawsuit without trial if, after viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact or conflicting inferences which can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. *Dan Nelson Construction, Inc. v. Nodland & Dickson,* 2000 ND 61, ¶ 13, 608 N.W.2d 267. A party seeking summary judgment has the bur-

den of clearly demonstrating there is no genuine issue of material fact. *Egeland v. Continental Resources, Inc.,* 2000 ND 169, ¶ 8, 616 N.W.2d 861.

[¶ 6] The statute of limitations for actions against licensed insurance agents is set forth in N.D.C.C. § 26.1–26–51:

A civil action for the recovery of damages resulting from negligence or breach of contract brought against any person licensed under this chapter by any person claiming to have been injured as a result of the providing of insurance services or the failure to provide insurance services by a licensee may not be commenced in this state after July 31, 1995, unless the action is commenced on or before the earlier of:

1. Two years from the date the alleged act, omission, or neglect is discovered or should have been discovered by the exercise of reasonable diligence; or

2. Six years after performance of the service for which the claim for relief arises, unless discovery was prevented by the fraudulent conduct of the licensee.

This legislation was approved and filed on April 4, 1995, and became effective August 1, 1995, *see* 1995 N.D. Sess. Laws ch. 282, § 1, after Overboe's claim had accrued and before Overboe commenced the action.

[¶ 7] Overboe did not argue to the trial court he met the two-year statute of limitations applicable under the circumstances. Rather, Overboe argued N.D.C.C. § 26.1–26–51 cannot be applied retroactively because there is no evidence the Legislature intended the statute to be applied retroactively, and therefore, the general six-year statute of limitations in N.D.C.C. § 28–01–16 governs his claim.

[¶ 8] A statute is not to be retroactively applied "unless it is expressly declared to be so." N.D.C.C. § 1–02–10. Consequently, we do not retroactively apply statutes unless directed to do so by the Legislature. *See In re D.F.G.,* 1999 ND

216, ¶ 11 n. 2, 602 N.W.2d 697. A statute need not contain the word "retroactive" for it to be applied to facts occurring before the effective date of the statute. *See State v. Davenport*, 536 N.W.2d 686, 688 (N.D. 1995); *In Interest of W.M.V.*, 268 N.W.2d 781, 783 (N.D.1978). The general rule of nonretroactivity codified in N.D.C.C. § 1–02–10 "is merely one of statutory construction." *Davenport*, 536 N.W.2d at 688.

[¶ 9] The interpretation of a statute is fully reviewable on appeal. *Peterson v. Traill County*, 1999 ND 197, ¶ 10, 601 N.W.2d 268. Our primary objective in construing a statute is to ascertain the intent of the Legislature by looking at the language of the statute itself and giving it its plain, ordinary, and commonly understood meaning. *State ex rel. Heitkamp v. Family Life Services, Inc.*, 2000 ND 166, ¶ 7, 616 N.W.2d 826. Although courts may resort to extrinsic aids to interpret a statute if it is ambiguous, we look first to the statutory language, and if the language is clear and unambiguous, the legislative intent is presumed clear from the face of the statute. *In re Juran and Moody, Inc.*, 2000 ND 136, ¶ 6, 613 N.W.2d 503.

[¶ 10] We need not look beyond the plain language of the statute to resolve this issue. By its plain language, N.D.C.C. § 26.1–26–51 applies to actions "commenced in this state after July 31, 1995." To "commence" an action means to "begin, institute or start" an action. *Black's Law Dictionary* 268 (6th ed.1990). There is no stated exception for causes of action accruing before July 31, 1995. Nor can an exception be implied. If the statute were applied only to causes of action accruing after July 31, 1995, the Legislature's use of the phrase "may not be commenced in this state after July 31, 1995," would be rendered meaningless because the statute would apply only to actions accruing after its effective date of August 1, 1995. Obviously, an action cannot be commenced before a cause of action accrues. If possible, each word of a statute must be given effect. *Resolution Trust v.*

*Dickinson Econo–Storage*, 474 N.W.2d 50, 53 (N.D.1991). The only way to give meaning to the specific date set forth in the statute is to apply the statute to claims accruing before and after July 31, 1995. We conclude N.D.C.C. § 26.1–26–51, by its plain language, is retroactive and applies to causes of action accruing before July 31, 1995.

[¶ 11] Overboe attempts to argue that his claim regarding Sundet's failure to secure multi-peril insurance on his 1994 sunflower crop did not accrue until he had exhausted his federal administrative remedies, and because a final unfavorable determination was not received until September 4, 1996, this claim is not barred by the statute of limitations. However, Overboe did not raise this issue before the trial court. We do not consider questions that were not presented to the trial court and that are raised for the first time on appeal. *Robert v. Aircraft Inv. Co., Inc.*, 1998 ND 62, ¶ 14, 575 N.W.2d 672. Because Overboe did not resist the defendants' motion for summary judgment on this ground in the trial court, the issue is not reviewable on appeal. *See, e.g., American State Bank v. Sorenson*, 539 N.W.2d 59, 63 (N.D.1995); *Resolution Trust Corp. v. Gosbee*, 536 N.W.2d 698, 702 (N.D.1995); *State ex rel. Industrial Comm'n v. Harlan*, 413 N.W.2d 355, 357 (N.D.1987).

[¶ 12] In support of his argument that the Legislature did not intend N.D.C.C. § 26.1–26–51 to apply retroactively, Overboe cited in both his trial court brief and appellate brief *Adams & Freese Co. v. Kenoyer*, 17 N.D. 302, 306, 116 N.W. 98, 99 (1908), for the proposition a "creditor would be deprived of his property rights in such causes of action without due process of law" if the Legislature did not supply a reasonable time within which to file suits for parties having causes of action already subject to previous statutes of limitations. The defendants apparently interpreted Overboe's argument to be a constitutional

due process challenge to the statute, and fully briefed the due process issue before the trial court and this Court. The trial court also interpreted Overboe's argument as a due process challenge to the statute, and ruled the retroactive application of the statute "comports with due process."

[¶ 13] We conclude Overboe's single fleeting reference to "due process" in one sentence of his trial court and appellate briefs, made in connection with an argument about legislative intent, is insufficient to raise for our consideration the constitutional validity of N.D.C.C. § 26.1–26–51 under the due process clause. Absent authority and a reasoned analysis to support it, the mere assertion of unconstitutionality is insufficient to adequately raise a constitutional question. *N.D. Guar. Student Loan Program v. Voigt*, 513 N.W.2d 64, 66 (N.D.1994); *Flex Credit, Inc. v. Winkowitsch*, 428 N.W.2d 236, 241 (N.D.1988); *Schwarting v. Schwarting*, 354 N.W.2d 706, 710 (N.D.1984). Courts cannot be expected to search through the record and applicable caselaw to discover deprivations of a constitutional magnitude when the party attempting to claim a constitutional violation has not bothered to do so. *See Lund v. North Dakota State Highway Dept.*, 403 N.W.2d 25, 29 (N.D. 1987). Overboe's argument lacks the "heavy artillery" necessary to raise a constitutional issue. *Southern Valley Grain Dealers v. Bd. of County Comm'rs*, 257 N.W.2d 425, 434 (N.D.1977). Overboe insufficiently raised his constitutional claim in the trial court and in this Court. Consequently, we do not decide the issue in this case.

[¶ 14] We note, however, that there is authority in this jurisdiction addressing when the retroactive application of a shortened statute of limitations may create constitutional due process problems. In *Kenoyer*, 17 N.D. at 307–08, 116 N.W. at 100, an amendment to a statute, which suspended the running of the statute of limitations during a defendant's absence from the state, exempted real estate mortgage foreclosures beginning July 1, 1905. Recognizing the Legislature must fix a reasonable time before existing causes of action could be barred by retroactive legislation, this Court said:

> But conceding that the Legislature in enacting the statute intended to make it retroactive as well as prospective in its operation, and also intended to and did fix the time between its enactment and the date of its taking effect, July 1st, for the institution of proceedings on existing mortgages, still the time thus fixed was, as a matter of law, unreasonable, and hence the statute cannot be held to apply to foreclosure proceedings under mortgages which had matured prior to the enactment thereof. The time between these dates was but 3 months and 21 days. In that short space of time it would be almost an utter impossibility, even if they, in fact, acquired knowledge of such law on the day it was enacted, for all persons, including residents and nonresidents, owning real estate mortgages on property in this state under which causes of action had accrued, to cause foreclosure proceedings to be instituted on all such mortgages. In considering the validity of such statute when applied to existing causes of action, it is both just and reasonable to assume, what we all know to be true as a matter of common knowledge, that a large per cent of such persons, especially nonresidents of the state, would not, in that short period of time, acquire knowledge that such a vitally important statute to them had been enacted.

*Kenoyer*, 17 N.D. at 309, 116 N.W. at 100–01. Overboe neither referred us to, nor placed any reliance on this portion of the *Kenoyer* decision. Although the time period between the enactment and the effective date of N.D.C.C. § 26.1–26–51 is essentially the same as the time period found by the *Kenoyer* Court to be unreasonable as a matter of law, we decline to rule on the issue until it has been sufficiently raised and briefed in an appropriate case.

## III

[¶ 15] The summary judgment is affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.