Filed 2/8/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 26

Barbara L. Whelan, 

State’s Attorney, Petitioner and Appellee

v.

A.O., Respondent and Appellant

No. 20100219

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Kelley M.R. Cole, Assistant State’s Attorney, Walsh County State’s Attorney’s Office, 600 Cooper Ave., Grafton, N.D. 58237, for petitioner and appellee.

David D. Dusek, P.O. Box 4, East Grand Forks, Minn. 56721-0004, for respondent and appellant.

Whelan v. A.O.

No. 20100219

Maring, Justice.

[¶1] A.O. appeals from the trial court’s order finding he remains a sexually dangerous individual and continuing his civil commitment to the care, custody, and control of the executive director of the Department of Human Services.  On appeal, A.O. argues the trial court must consider the treatment he was receiving at the North Dakota State Hospital and erred in finding it was the least restrictive treatment available to him.  We conclude the trial court made detailed findings and the court’s findings are supported by clear and convincing evidence and are not clearly erroneous.  Therefore, we affirm.

I

[¶2] In 2006, the trial court found A.O. to be a sexually dangerous individual and committed him to the care, custody, and control of the executive director of the Department of Human Services (“DHS”).  In 2007, upon completion of a review hearing, the trial court concluded A.O. remained a sexually dangerous individual and continued his commitment.  In 2008, the trial court again denied A.O.’s petition for discharge, although this time the court ordered the executive director of DHS to conduct a developmental assessment of A.O. and determine his level of cognitive functioning.  DHS was to also perform a neuro-psychological assessment of A.O.  Dr. Robert D. Lisota conducted the developmental assessment and  Dr. David Brooks performed the neuro-psychological assessment of A.O.  Both filed a summary of the assessments’ results with the court.  The court also received a letter from Kerry Wicks, the clinical director of the Behavioral Health Services of the North Dakota State Hospital, discussing A.O.’s treatment.  In particular, the letter outlined the reasons for A.O.’s current placement and explained why the sexual responsibility program in Grafton was not appropriate for A.O.

[¶3] In May 2009, after receiving his annual evaluation, A.O. filed a request for a discharge hearing.  He also moved for the appointment of an independent qualified expert.  The court appointed Dr. Robert Riedel as the independent evaluator.  Dr. Riedel filed his report and evaluation with the court in June 2009.  After a number of delays, the trial court held a full hearing on April 7, 2010, and heard testimony from Dr. Lisota and Kerry Wicks.

[¶4] The trial court issued its findings of fact, conclusions of law, and order for continued commitment on June 9, 2010.  The court found by clear and convincing evidence that A.O. remains a sexually dangerous individual and that A.O.’s treatment placement at the North Dakota State Hospital is appropriate for his level of cognitive functioning.  After reviewing the experts’ reports and listening to the witnesses’ testimony, the court concluded the North Dakota State Hospital is the least restrictive treatment facility and program available to A.O.  Accordingly, the court denied A.O.’s petition for discharge and ordered his continued commitment as a sexually dangerous individual.  A.O. appeals.

II

[¶5] We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard of review.  
Matter of Midgett
, 2010 ND 98, ¶ 6, 783 N.W.2d 27.  At a discharge hearing, the State has the burden of proving by clear and convincing evidence the committed individual remains a sexually dangerous individual.  
Id.
 at ¶ 7.  In reviewing a trial court’s order denying a petition for discharge, we give great deference to the court’s credibility determinations of expert witnesses and the weight to be given their testimony.  
Matter of Rush
, 2009 ND 102, ¶ 14, 766 N.W.2d 720; 
see also
 
Matter of Midgett
, 2009 ND 106, ¶ 8, 766 N.W.2d 717.  We will affirm a trial court’s order denying a petition for discharge unless it is induced by an erroneous view of the law or we are firmly convinced it is not supported by clear and convincing evidence.  
Midgett
, 2010 ND 98, ¶ 6, 783 N.W.2d 27.

III

[¶6] On appeal, A.O. does not contest the trial court’s conclusion he remains a sexually dangerous individual.  Rather, A.O. argues the trial court erred by concluding the executive director of DHS has assigned A.O. to the least restrictive available treatment facility or program necessary to achieve the purposes of N.D.C.C. ch. 25-03.3, commitment of sexually dangerous individuals.  The State opposes A.O.’s argument, asserting N.D.C.C. ch. 25-03.3 authorizes the executive director, not the trial court, to determine whether the sexually dangerous individual is receiving the least restrictive appropriate treatment.

[¶7] Section 25-03.3-13, N.D.C.C., states: 

If the respondent is found to be a sexually dangerous individual, the court shall commit the respondent to the care, custody, and control of the executive director.  The executive director shall place the respondent in an appropriate facility or program at which treatment is available.  The appropriate treatment facility or program must be the least restrictive available treatment facility or program necessary to achieve the purposes of this chapter.  The executive director may not be required to create a less restrictive treatment facility or treatment program specifically for the respondent or committed individual.

Thus, we have held that section 25-03.3-13, N.D.C.C., requires the executive director to make the decision regarding the appropriate treatment facility or program for a sexually dangerous individual.  
See, e.g.
, 
Matter of G.R.H.
, 2006 ND 56, ¶¶ 22, 27, 711 N.W.2d 587 (holding the plain language of N.D.C.C. § 25-03.3-13 authorizes the executive director to decide the least restrictive available treatment program or facility for a sexually dangerous individual and the statute is not violative of due process or double jeopardy); 
Interest of B.V.
, 2006 ND 22, ¶¶ 13, 17, 708 N.W.2d 877 (holding N.D.C.C. § 25-03.3-13 does not allow the trial court to determine treatment options at an initial commitment hearing, but rather places that determination with DHS).  Here, however, A.O. raised the effectiveness and restrictiveness of his treatment program before the trial court at a hearing on whether he should be discharged from commitment.  The trial court concluded a discharge hearing was the appropriate proceeding to exercise limited judicial review of whether the decision of the executive director violated the statute.  The trial court proceeded to make specific findings on whether A.O.’s treatment program at the North Dakota State Hospital was the least restrictive available treatment facility or program to achieve the purposes of N.D.C.C. ch. 25-03.3.  Based on the record before it, the trial court concluded A.O.’s treatment program at the North Dakota State Hospital is the most appropriate and least restrictive program available to him, given his diagnosis of mild mental retardation and his level of cognitive functioning, and ordered A.O.’s continued commitment.   We review the trial court’s order, including the court’s findings of fact and conclusions of law, to determine if they are supported by clear and convincing evidence.  
Midgett
, 2010 ND 98, ¶ 6, 783 N.W.2d 27. 

[¶8] A.O. did not present any evidence establishing any other treatment program or facility, including the Developmental Center in Grafton, is less restrictive and more appropriate for him than the North Dakota State Hospital.  The State presented evidence A.O.’s treatment at the State Hospital was the least restrictive program. Based on the entire record, we hold the trial court’s findings of fact and conclusions of law are supported by clear and convincing evidence and are not clearly erroneous.

IV

[¶9] A.O. contends his continued commitment and his allegedly ineffective treatment at the North Dakota State Hospital violate his substantive due process rights under the Fourteenth Amendment of the United States Constitution. 

[¶10] We have repeatedly cautioned that a party raising a constitutional claim must provide persuasive authority and a reasoned analysis to support the claim.  
Olson v. Workforce Safety & Ins.
, 2008 ND 59, ¶ 26, 747 N.W.2d 71; 
see also
 
Overboe v. Farm Credit Servs. of Fargo
, 2001 ND 58, ¶ 13, 623 N.W.2d 372.  Mere assertions of unconstitutionality are insufficient to adequately raise a constitutional question.  
Overboe
, at ¶ 13.  We will only decide those issues which have been thoroughly briefed and argued, and we decline to search the record and the applicable caselaw to “discover deprivation of constitutional magnitude when the party attempting to claim a constitutional violation has not bothered to do so.”  
Overboe
, at ¶ 13; 
see also
 
Olson
, at ¶ 26.  A party waives an issue by not providing adequate supporting argument.  
Olson
, at ¶ 26.

[¶11] A.O. has submitted only bare, conclusory assertions to support his substantive due process claim.  We therefore decline to address the issue.

[¶12] We have considered the remaining issues and arguments A.O. has raised, and we conclude they are either unnecessary to our decision or without merit.

V

[¶13] The trial court’s order finding A.O. remains a sexually dangerous individual and continuing his commitment at the North Dakota State Hospital is affirmed.

[¶14] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.